10-1241-cv
Gallop v. Cheney

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2011

(Argued: April 5, 2011)                                                                 Decided: February 2, 2012)

Amended: February 3, 2012

Docket No. 10-1241-cv

APRIL GALLOP, individually and for her minor child, E.G.,

  *Plaintiff-Appellant*,

  -v.-

RICHARD CHENEY, former Vice President of the United States,
DONALD RUMSFELD, former Secretary of the Department of
Defense, General RICHARD MYERS (Ret.), United States Air Force,

  *Defendants-Appellees*,

JOHN DOES NOS. I-X, in their individual capacities,

  *Defendants*.

Before: WINTER, WALKER, and CABRANES, *Circuit Judges*.

————————

In an order dated October 14, 2011, *Gallop v. Cheney*, 660 F.3d 580 (2d Cir. 2011) ("*Gallop III*"), this Court imposed sanctions on counsel of record to plaintiff-appellant April Gallop—Dennis Cunningham, Mustapha Ndanusa, and William W. Veale—for filing a frivolous appeal from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*) dismissing her complaint alleging that defendants, former senior government officials, caused the September 11, 2001 attacks against the United States in order to (1) create a political atmosphere in which they could pursue domestic and international policy objectives and (2) conceal the misallocation of $2.3 trillion in congressional appropriations to the Department of Defense. The

Court separately sanctioned Veale for filing a frivolous and vexatious motion to disqualify the panel "and any like-minded colleagues" from considering Gallop's petition for panel rehearing and rehearing in banc of this Court's opinion in *Gallop v. Cheney*, 642 F.3d 364 (2d Cir. 2011) ("*Gallop I*").

*Gallop III* further ordered Cunningham, who had described himself as "substantially 'the decider'" in the development of Gallop's case and the principal author of the motion to disqualify the panel—for which Veale, who signed the motion and accompanying affidavit, was separately sanctioned—to show cause why additional sanctions should not be imposed on him for his self-proclaimed lead role in drafting the motion to disqualify.

Following this Court's review of the November 14, 2011 memorandum Cunningham filed in response to the order to show cause in *Gallop III*, we impose additional sanctions on Cunningham pursuant to Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1927, and the inherent power of this Court.

In addition, we vacate the sanctions imposed on local counsel Mustapha Ndanusa in *Gallop III* based on Cunningham's insistence that Ndanusa served a peripheral and subordinate role in Gallop's frivolous appeal.

> WILLIAM W. VEALE (Mustapha Ndanusa, Brooklyn, NY; Dennis Cunningham, San Francisco, CA, *on the brief*), Walnut Creek, CA, *for Petitioner-Appellant April Gallop.*
>
> ALICIA M. SIMMONS, Assistant United States Attorney (Preet Bharara, United States Attorney; Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), Office of the United States Attorney for the Southern District of New York, New York, NY, *for Defendants-Appellees Richard B. Cheney, Donald H. Rumsfeld and Richard B. Myers.*

PER CURIAM:

In our fourth opinion in this case, we consider whether Dennis Cunningham, counsel to plaintiff-appellant April Gallop and the purported "decider" in the development of Gallop's action

alleging that defendants, former senior government officials, caused the September 11, 2001 attacks against the United States, should be subjected to additional sanctions for his primary role in drafting a frivolous and vexatious motion to disqualify the panel "and any like-minded colleagues" from considering Gallop's petition for panel rehearing and rehearing in banc of this Court's decision in *Gallop v. Cheney*, 642 F.3d 364 (2d Cir. 2011) ("*Gallop I*"), a motion for which his co-counsel, William W. Veale, was separately sanctioned in our order dated October 14, 2011, *see Gallop v. Cheney*, 660 F.3d 580 (2d Cir. 2011) ("*Gallop III*").

Although Veale alone signed the motion to disqualify and submitted the affidavit in support thereof, Cunningham claimed in a later filing to have been the primary author of those pleadings. *See* Appellants' Mem. in Response to the Court's April 27, 2011 Order Imposing Sanctions (Cunningham Aff. ¶ 28). In response to this claim, we ordered Cunningham to show cause why he should not be separately sanctioned for his self-proclaimed lead role in drafting the motion to disqualify the panel. *See Gallop III*, 660 F.3d at 586.

Following our review of the November 15, 2011 memorandum Cunningham filed in response to our order to show cause in *Gallop III*, we conclude that Cunningham has failed to show cause why we should not impose additional sanctions on him. Accordingly, we impose sanctions on Cunningham pursuant to 28 U.S.C. § 1927, Federal Rule of Appellate Procedure 38, and the inherent power of this Court.

In addition, we vacate the sanctions imposed on local counsel Mustapha Ndanusa in *Gallop III* based on Cunningham's insistence that Ndanusa served a peripheral and subordinate role in Gallop's appeal.

### BACKGROUND

The facts of this case are convoluted, and have been thoroughly summarized in the initial opinion of the United States District Court for the Southern District of New York (Denny Chin,

*Judge*)[1] and our three previous opinions. The abbreviated account below includes only those facts necessary to explain the disposition of the issues currently before us.

Gallop, represented by counsel in the District Court and on appeal, filed a complaint asserting violations of her constitutional rights pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971), a common law tort of conspiracy to cause death and great bodily harm, and a violation of the Antiterrorism Act, 18 U.S.C. § 2333(a), against defendants, former senior government officials, for allegedly causing the September 11, 2001 attacks against the United States in order to (1) create a political atmosphere in which they could pursue domestic and international policy objectives and (2) conceal the misallocation of $2.3 trillion in congressional appropriations to the Department of Defense. The District Court concluded that Gallop's claims were frivolous, and dismissed her complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See Gallop v. Cheney*, No. 08 Civ. 10881, 2010 WL 909203 (S.D.N.Y. Mar. 15, 2010).

In an April 27, 2011 opinion, we (1) affirmed the order of the District Court dismissing Gallop's complaint as frivolous, and (2) ordered Gallop and her counsel of record—Cunningham, Ndanusa, and Veale—to show cause in writing within 30 days why we should not impose sanctions in the form of double costs and a monetary penalty of $15,000 for filing a frivolous appeal, for which they would be jointly and severally liable. *Gallop I*, 642 F.3d at 370–71.

On June 16, 2011, before responding to the outstanding order to show cause, Gallop moved under 28 U.S.C. §§ 144 and 455(a) to disqualify the three members of the panel from considering her petition for rehearing and rehearing in banc. *See* Mot. to Disqualify (Veale Aff. ¶ 2). The motion stated that the panel should be disqualified due to "evident severe bias, based in active personal emotions arising from the 9/11 attack . . . leading to a categorical pre-judgment totally

---

[1] *Gallop v. Cheney*, No. 08 Civ. 10881, 2010 WL 909203, at *3 (S.D.N.Y. Mar. 15, 2010).

rejecting [Gallop's] Complaint, out of hand and with palpable animus in [its] decision." Mot. to Disqualify at 2.

Veale signed the motion to disqualify and provided a supporting affidavit, in which he further demanded not only that "the three panel members" who heard Gallop's appeal recuse themselves from future participation in the case, but also that "any other members of the bench of this Circuit who share their feelings" do the same. *Id.* (Veale Aff. ¶ 2); *see also id.* (Veale Aff. ¶ 27) (reiterating that the panel members "and any like-minded colleagues" must be recused).[2]

On July 7, 2011, in a second published opinion, *Gallop v. Cheney*, 645 F.3d 519 (2d Cir. 2011) ("*Gallop II*"), we (1) denied Gallop's motion to disqualify the panel, (2) denied her petition for panel rehearing, and (3) ordered Veale to show cause why the Court should not impose additional sanctions against him for his role in drafting the motion to disqualify and accompanying affidavit. *Gallop II*, 645 F.3d at 521–22.

On July 12, 2011 and August 8, 2011, respectively, Gallop and her team of attorneys submitted their responses to our orders to show cause of April 27, 2011 (*Gallop I*) and July 7, 2011 (*Gallop II*). In his response to the second order to show cause (July 7, 2011), Veale insisted that he filed the motion to disqualify and the accompanying affidavit in good faith. *See* Veale Mem. in Response to Court's July 7, 2011 Order to Show Cause ("Veale Mem. Response").

In his affirmation accompanying this response, Veale declared that he "sincerely believed [the motion] was meritorious," *id.* (Veale Aff. ¶ 5); denied that it was motivated by a "desire to harass or disparage this Court," *id.* (Veale Aff. ¶ 6); and conceded that the motion and accompanying affidavit evinced a "regrettably . . . intemperate" tone, which he attributed to

---

[2]    The affidavit was also peppered with disdainful conclusions about the panel members' emotional stability and competence to serve objectively. For example, it alleged that the panel members found Gallop's conspiracy theory claims to be frivolous because they were experiencing 9/11–related emotions that prevented them from "com[ing] to grips with the concrete factual allegations set forth in the Complaint." Mot. to Disqualify (Veale Aff. ¶ 23).

5

"fe[eling] demeaned by th[e] Court's decision and its Order to Show Cause [in *Gallop I*]." *Id.* (Veale Aff. ¶ 7). Veale apologized to the Court for allowing his personal feelings to influence the tone of his submissions. *Id.*

In his affirmation in response to our April 27, 2011 order to show cause in *Gallop I*, Cunningham described himself as "substantially 'the decider' in the development of [Gallop's] case," and claimed that he was the "author of the pleadings at issue," including the motion to recuse which Veale had signed. *See* Appellants' Mem. in Response to the Court's April 27, 2011 Order Imposing Sanctions (Cunningham Aff. ¶ 28).

In an opinion filed October 14, 2011 (*Gallop III*), following our review of the responses to the orders to show cause entered in *Gallop I* and *Gallop II*, we revisited the appropriateness of sanctions. First, after declining to sanction Gallop, we sanctioned her counsel of record— Cunningham, Ndanusa, and Veale—for filing a frivolous appeal, ordering them "[to] pay the government double costs in addition to damages in the amount of $15,000, for which they are jointly and severally liable, within 60 days of the date of entry of this order." *Gallop III*, 660 F.3d at 584. Second, we imposed additional sanctions on Veale for filing the frivolous motion to disqualify, pursuant to which Veale is required, for a period of one year from the date of entry of the order, to provide appropriate notice of the sanctions imposed against him in connection with this appeal to any federal court before which he appears. *Id.* at 586. Finally, we ordered Cunningham to show cause why we should not impose separate, additional sanctions on him for his principal role in drafting the motion to disqualify and accompanying affidavit, for which Veale was separately sanctioned. *Id.*

On November 14, 2011, Cunningham filed a response to our October 14, 2011 order to show cause, Cunningham's Mem. in Response to the Court's October 14, 2011 Order to Show

6

Cause ("Cunningham Mem. Response"), in which he insisted that the appeal and motion to recuse were filed out of zealous advocacy, rather than bad faith. *See id.* at 10–13.

In addition, Cunningham asked that we vacate the sanctions against Ndanusa, who, he claimed, "was not involved in the case until after the complaint was filed, and then served as local counsel only, implementing our needs on the ground, not forging or determining in any way what we said to the Court." *Id.* at 12.

## *DISCUSSION*

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; s*ee also* Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (discussing courts' inherent authority to impose sanctions, including "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975))).

### A. Additional Sanctions against Cunningham

We turn first to the issue of whether additional sanctions should be imposed against Cunningham for his principal role in directing Gallop's appeal.

Accepting Cunningham's claim that he was substantially involved in drafting the motion to disqualify and accompanying affidavit bearing Veale's name, this matter is largely foreclosed by *Gallop III*, in which we imposed additional sanctions against Veale for filing the motion to disqualify and accompanying affidavit. Despite Veale's insistence that he "sincerely believed [his motion to disqualify] was meritorious and that it was [his] duty as [Gallop's] lawyer to [make it]," Veale Mem. Response (Veale Aff. ¶ 5), we "refuse[d] to accept that any attorney acting in good faith . . . could

7

sincerely believe that he was justified in demanding disqualification of the three panel members 'and any like-minded colleagues,'" *Gallop III*, 660 F.3d at 585 (quoting Mot. to Disqualify (Veale Aff. ¶ 27)).

The memorandum Cunningham filed in response to our October 14, 2011 (*Gallop III*) order to show cause is similar to the memorandum and affirmation Veale filed in response to our July 7, 2011 (*Gallop II*) order to show cause. Like Veale, Cunningham insisted that the motion to disqualify "was made as a matter of righteous if overheated advocacy, and not in bad faith." Cunningham Mem. Response at 12–13. Citing "[t]he evidence of one's own eyes," *id.* at 6 & 7, Cunningham reiterated his continued belief that the appeal was meritorious. He apologized to the Court for his "aggressive, judgmental, or 'jarring', words and usages" in the motions and supporting papers he drafted, which he, like Veale, attributed "to feeling demeaned, and disrespected by [the] nature and tenor of the Court's judgments." *Id.* at 4–5.

As we explained in *Gallop III* while reviewing the appropriateness of sanctions against Veale, these excuses do not adequately explain why a member of the Bar would demand that the members of the original panel and "any other members of the bench of this Circuit who share their feelings" be recused, Mot. to Disqualify (Veale Aff. ¶ 2); *id.* (Veale Aff. ¶ 27 (reiterating that "[t]he Panel members here, and any like-minded colleagues," must recuse themselves)), "a demand for which no precedent was presented, nor, as far as we know, exists," *Gallop III*, 660 F.3d at 585.

For the reasons stated in *Gallop III*, we conclude that Cunningham acted in bad faith in demanding the recusal of the three panel members and any like-minded colleagues. Accordingly, we hereby order that Cunningham shall be required, for a period of one year from the date of entry of this order, to provide notice of the sanctions imposed upon him in this case—both here and in our previous opinion entered October 14, 2011—to any federal court in this Circuit before which he appears or seeks to appear.

8

**B. Sanctions Against Ndanusa**

In his response to our October 14, 2011 order to show cause, Cunningham urged us to "remit the share of the fine accruing to [Ndanusa]" from our order for Gallop's counsel of record "[t]o pay the government double costs in addition to damages in the amount of $15,000, for which they are jointly and severally liable," *Gallop III*, 660 F.3d at 584, "because [Ndanusa] was not involved in the case until after the complaint was filed, and then served as local counsel only, implementing our needs on the ground, not forging or determining in any way what we said to the Court." Cunningham Mem. Response at 12.

Accordingly, we vacate the sanctions against Ndanusa. Cunningham and Veale remain jointly and severally liable to the government to pay double costs plus damages in the amount of $15,000, and must do so within 30 days of the entry of this order.

### *CONCLUSION*

To summarize:

(1) Dennis Cunningham is hereby ORDERED, for a period of one year from the date of entry of this order, to provide notice of the sanctions imposed upon him in this case to any court within this Circuit before which he appears, or seeks to appear. Failure to comply with this order may result in additional sanctions.

(2) It is further ORDERED that the sanctions entered against Mustapha Ndanusa on October 14, 2011 are vacated, without effect on the sanctions entered against Dennis Cunningham and William Veale on that date.[3]

---

[3] Cunningham and Veale are jointly and severally liable for reimbursing Ndanusa for any funds he already contributed.

(3)  Pursuant to our October 14, 2011 order, Cunningham and Veale shall pay the government double costs, in addition to damages in the amount of $15,000, for which they are jointly and severally liable, within 30 days of the entry of this judgment.[4]

Pursuant to Federal Rule of Appellate Procedure 48(a),[5] we appoint Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, to serve as Special Master to ensure full and prompt compliance with the Court's mandate.

The mandate shall issue forthwith.

---

[4]     According to the Declaration of Alicia M. Simmons, Assistant United States Attorney for the Southern District Court, filed December 16, 2011, the government has received a check from Veale in the amount of $15,000 in satisfaction of the sanctions imposed in our order entered October 14, 2011.

[5]     Federal Rule of Appellate Procedure 48 states, in relevant part,

> A court of appeals may appoint a special master to hold hearings, if necessary, and to recommend factual findings and disposition in matters ancillary to proceedings in the court.  Unless the order referring a matter to a master specifies or limits the master's powers, those powers include, but are not limited to, the following:
> (1)     regulating all aspects of a hearing;
> (2)     taking all appropriate action for the efficient performance of the master's duties under the order;
> (3)     requiring the production of evidence on all matters embraced in the reference; and
> (4)     administering oaths and examining witnesses and parties.

Fed. R. App. P. 48(a).