10-5100-cv
Mitchell v. Lyons Prof'l Servs., Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: February 1, 2012    Decided: February 28, 2013)

Docket No. 10-5100-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEESHA MITCHELL, THERESA CAMPBELL, SEANNETTE CAMPBELL, and
TANISHA SELBY,

Plaintiffs-Appellants,

v.

LYONS PROFESSIONAL SERVICES, INC.,

Defendant-Appellee,

RICHARD TRIM and TERRY TATUM,

Defendants,

CHRISTOPHER M. LYONS and GARRISON PROFESSIONAL SERVICES, INC.,

Interested Parties-Appellees.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, RAGGI, and CHIN, Circuit Judges.

Appeal from the denial of plaintiffs-appellants' motion to execute a monetary judgment entered as a sanction for attorney misconduct in the United States District Court for the Eastern District of New York (Brian Cogan, Judge).  We vacate and remand.

---

[*] The Clerk of the Court is instructed to conform the caption in accordance herewith.

Mitchell L. Perry, Rawlins Law Firm, New York, New York, for Appellants.

Brooke L. Anthony, Law Offices of Raymond A. Giusto, P.C., West Bay Shore, New York, for Appellees.

WINTER, Circuit Judge:

Keesha Mitchell, Theresa Campbell, Seannette Campbell, and Tanisha Selby appeal the denial of their motion for a writ of execution against Christopher M. Lyons and Garrison Professional Services, Inc. ("Garrison Services"). See Fed. R. Civ. P. 69(a) and N.Y. C.P.L.R. § 5225(b). The motion was based on default judgments appellants had earlier obtained against defendant Lyons Professional Services, Inc. ("Lyons").[1] The district court denied this motion as a sanction for appellants' counsel's repeated failures to comply with the court's orders. We hold that although the district court had more than an adequate basis to sanction counsel and accorded the required procedural safeguards, further findings are needed to support a sanction that falls entirely on the clients rather than principally on the lawyer.

BACKGROUND

The underlying action is against appellants' former employer Lyons and two supervisory personnel, Trim and Tatum, for employment discrimination under federal, state, and local law.

_____

[1] The district court permitted appellants to proceed against Lyons and Garrison Services by motion rather than by filing a separate proceeding. We express no view regarding the propriety of that decision.

2

The complaint alleged incidents of sexual harassment and sexual assault by Trim and Tatum, with vicarious liability attributable to Lyons. Appellants obtained default judgments against Lyons and Trim, who both failed to appear, and dismissed the case against Tatum. At a damages inquest, the district court awarded $266,590, consisting of back pay, damages for emotional harm, and punitive damages. On May 10, 2010, appellants filed an execution motion under Federal Rule of Civil Procedure 69(a) and N.Y. C.P.L.R. § 5225(b) against Lyons; Trim;[2] Lyons's alleged successor in interest, Garrison; and Lyons's sole owner, Christopher Lyons.

During the proceedings leading up to this motion, appellants' counsel, Gary Rawlins, engaged in repeated acts that sometimes individually, but certainly collectively, amounted to willful disregard of court orders.

We summarize those relevant acts. Rawlins three times sought and obtained adjournments of the Initial Status Conference because he was unable to proceed. On one of these occasions he was on vacation. On another, he notified the court of the proposed adjournment only one day before the Conference was scheduled, in violation of Judge Cogan's rule requiring 48 hours' notice.

Twice Rawlins was ordered to provide notice of the Initial Status Conference to Tatum, Lyons, and Trim and to file proof of

---

[2] Appellants later settled the action against Trim.

3

service of this notice with the court within one week. Twice Rawlins failed to do so. After the court entered an Order to Show Cause for why he should not be sanctioned for this failure, Rawlins responded that he had served notice on Tatum (without filing proof of the service) but had mistakenly overlooked the court's requirement to also serve notice on Lyons and Trim. The court declined to impose sanctions.

In the proceedings to execute the money judgment, Rawlins continually failed both to comply with court orders and to communicate in advance with the court in an effort to reduce the disruptive effects of his noncompliance. Rawlins again violated the 48-hour rule when he requested an adjournment of a damages inquest the day before it was scheduled. At one point during discovery proceedings, he could not proceed with a scheduled hearing on the execution motion. Following both sides' failure to appear at the discovery hearing, the district court issued a detailed scheduling order with several warnings. These included a statement that Rawlins's nonappearance was "the latest in a series of failures by plaintiffs' counsel to effectively communicate with the Court and to demonstrate basic familiarity with the requirements of federal practice" and a warning that "[t]he Court believes that it would be acting within its discretion to simply deny plaintiffs' [execution] motion based on counsel's failure to appear, particularly in light of the history of prior miscues." Minute Entry & Order at 1, Mitchell v. Lyons Prof'l Servs., Inc., No. 09 Civ. 1587 (BMC) (E.D.N.Y. Sept. 27,

4

2010). Nevertheless, the district court allowed the execution action to continue with specific scheduling dates and requirements in the scheduling order.

The order set a hearing for November 8, required Rawlins to prepare certain materials, and stated specifically that "failure to comply with these procedures will result in denial of [the execution] motion without further accommodations." Id. at 2. Nevertheless, Rawlins appeared at the November 8 hearing without having prepared the required materials. Despite the language in the scheduling order warning of dismissal for failure to comply with the court's procedures, the court instead sanctioned Rawlins $500 and rescheduled the hearing for November 15, one week later.

Rawlins then failed to appear timely for the rescheduled hearing, even though the original scheduling order regarding the hearing stated expressly that "failure to appear on time will result in denial of [the execution] motion." Id. at 2-3. After fruitlessly waiting for him and without any notice that he would ever appear, the district court dismissed the execution motion.

Subsequently, appellants and Rawlins moved for reconsideration of the sanction. The court gave Rawlins an opportunity to explain or justify his transgressions and why the sanction of dismissal should not be imposed. Appellants as individuals also made submissions to the district court, arguing that their motion should not be dismissed. After considering the submissions, the district court found Rawlins's account of his

5

misconduct -- mistaken scheduling notes -- to be "not . . . compelling" in light of his chronic failures and denied the motion for reconsideration.  This appeal followed.

DISCUSSION

Every district court "has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for . . . disobeying the court's orders." Mickle v. Morin, 297 F.3d 114, 125 (2d Cir. 2002); see also Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (noting that the district court's power to dismiss an action, while codified in the Federal Rules of Civil Procedure and elsewhere, is inherent). We review a district court's decision to impose sanctions for failure to comply with its orders for abuse of discretion.  See Lucas v. Miles, 84 F.3d 532, 534-35 (2d Cir. 1996); see also Lewis, 564 F.3d at 575 (reviewing dismissal for failure to prosecute).  Dismissing an action, which effectively occurred here, is the harshest of sanctions and must be proceeded by particular procedural prerequisites.  Specifically, notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard must be given.  See Mickle, 297 F.3d at 126 (reversing sanction of dismissal for attorney misconduct due to lack of notice and opportunity to be heard); cf. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009) (recognizing that, in context of Federal Rule of Civil Procedure 37(b) and (d) sanctions, a warning that noncompliance

6

with court order will result in dismissal may suffice). Moreover, the sanction of dismissal with prejudice -- the effective result of the denial of appellants' motion for a writ of execution -- must be supported by "clear evidence" of misconduct and "a high degree of specificity in the factual findings." Mickle, 297 F.3d at 125-26 (quoting Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986)) (internal quotation marks omitted).

Further, mindful that the sanction of dismissal with prejudice has harsh consequences for clients, who may be blameless, it should be used only in "extreme situations," see Lewis, 564 F.3d at 575-76 (internal quotation marks omitted); cf. Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (reviewing Federal Rule of Civil Procedure 37(d) sanction order), and even then only upon a finding "of willfulness, bad faith, or reasonably serious fault," Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 386-87 (2d Cir. 2001); Lucas, 84 F.3d at 535 (adopting five-factor fault standard based on (1) duration of noncompliance; (2) "whether plaintiff was on notice that failure to comply would result in dismissal"; (3) likely prejudice to defendant from delay resulting from noncompliance; (4) "balancing of the court's interest in managing its docket with plaintiff's interest in receiving fair chance to be heard"; and (5) whether the district court adequately considered the adequacy of lesser sanctions).

Applying these principles, we find no defect in the procedural safeguards afforded. The district court's detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal of the execution motion and gave appellants and Rawlins the opportunity to respond. It explicitly stated that "failure to comply with [the scheduling order's] procedures will result in denial of [the execution] motion without further accommodations." Minute Entry & Order at 2, Mitchell v. Lyons Prof'l Servs., Inc., No. 09 Civ. 1587 (BMC) (E.D.N.Y. Sept. 27, 2010). The order further warned Rawlins that "failure to appear on time will result in denial of [the execution] motion." Id. at 2-3. This language indisputably gave notice to Rawlins that the execution motion would be dismissed for future transgressions.

Once the execution motion was denied, appellants had another opportunity to be heard in connection with their motion for reconsideration, that, when coupled with the clear notice of impending sanctions, satisfies the procedural safeguards outlined in Mickle. An opportunity to be heard before a dismissal takes effect is not required when the notice of impending dismissal is clearly communicated, in the context of a scheduling order or by other means. Mickle's requirements are met so long as the opportunity to be heard occurs before or at the time of dismissal or, as in this case, at a separate motion for reconsideration. Cf. Link v. Wabash R.R. Co., 370 U.S. 626, 632 (1962) (noting

8

that a Rule 60(b) motion provides an "escape hatch" with respect to counsel's opportunity to be heard, which can render even a lack of notice prior to sanction dismissal "of less consequence").

Finally, because dismissal of the action is particularly harsh, the dismissal must be accompanied by "a high degree of specificity in the factual findings." Mickle, 297 F.3d at 125-26 (internal quotation marks omitted). When dismissing appellants' case in open court, the district court did not specifically elaborate on the reasons for dismissal. Nevertheless, given the specificity in the court's prior scheduling order and its reference in open court to Rawlins's repeated failures to comply with court orders, the court's reasons for refusing to enforce appellants' execution motion were self-evident, thereby providing them with an opportunity to respond in an informed manner to the reasons for the sanction. See id.

A consideration of the five Lucas factors also supports a finding of "reasonably serious fault," Commercial Cleaning Servs., 271 F.3d at 386, justifying the sanction imposed. The first four factors weigh in favor of dismissal: (1) instances of noncompliance occurred throughout the entire 18 months of the district court proceedings; (2) notice was given by the court two months before the motion was dismissed that future misconduct would result in dismissal; (3) further delays would continue to waste the time and resources of adversary parties; and (4) the

9

court has a clear need to manage its docket, which Rawlins seriously disrupted.  Conduct such as occurred here can impose serious costs on adversaries, on parties to other matters before the court who may find their scheduling disrupted or decisions delayed, and on the efficiency with which the district court addresses its business.

We take issue with the district court only with regard to the final Lucas factor, whether alternative sanctions not involving the serious harm to counsel's clients were adequately considered. The district court first threatened a lesser $500 sanction against Rawlins, to no avail.  However, on the present record, we cannot determine, and the district court has made no findings as to, whether the delays leading to dismissal were solely a result of Rawlins's actions and not those of his clients.  We have held that "the more the delay was occasioned by the lawyer's disregard of his obligation toward his client, the more this . . . argues in favor of a less drastic sanction imposed directly on the lawyer."  Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996).  It is true that a client is typically bound by the acts of his lawyer, see Link, 370 U.S. at 633–34 & n.10, but as we noted in Dodson, "[t]his principle, however, does not relieve the district court of the obligation to consider the relevant factors before dismissing an action -- especially the suitability of lesser sanctions," 86 F.3d at 40.

A wide panoply of sanctions was, and is, at the district court's disposal. These options include monetary sanctions on counsel and the assessment of costs and counsel fees generated by the delinquency. A suspension from practice may be imposed for a failure to pay such sanctions. See In re Flannery, 186 F.3d 143, 146 (2d Cir. 1999) (per curiam). The district court's disciplinary and contempt powers would support sanctions beyond costs and fees, such as mandated disclosure by counsel of his sanctionable conduct to the bar, to future clients, and to courts in which Rawlins may appear. See Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991); Gallop v. Cheney, 667 F.3d 226, 230 (2d Cir. 2012) (per curiam) (requiring attorney to provide notice of his sanctions to any federal court within the Second Circuit for a period of one year); Dodson, 86 F.3d at 41 (citing Shea v. Donohoe Constr. Co., Inc., 795 F.2d 1071, 1078 (D.C. Cir. 1986) (noting that sanctions may include communication of attorney's actions to clients and the bar association)). While a district court need not exhaust these alternative possibilities, we do not know on the record before us whether these alternatives were ever considered or the grounds on which they were rejected. In this case appellants are "unsophisticated," Minute Entry & Order at 2, Mitchell v. Lyons Prof'l Servs., Inc., No. 09 Civ. 1587 (BMC) (E.D.N.Y. Sept. 27, 2010), and the sanctionable conduct may have been due entirely to counsel's personal irresponsibility and afforded no strategic advantage to appellants. See Dodson, 86

11

F.3d at 40. We also note that appellants had secured a judgment and only execution of the judgment remained. We therefore remand to allow the district court to give explicit consideration to the full range of other available sanctions, after according a hearing to the parties and Rawlins on the issue, and only then, if necessary, effectively to dismiss the action.

CONCLUSION

For the foregoing reasons, the district court's final order denying appellants' writ of execution is VACATED and the case is REMANDED for further proceedings consistent with this opinion. Appellants' attorney is directed to furnish a copy of this opinion to his clients.