*Lemberg v. Simon's Agency, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

GARY PALMER,

> > > *Plaintiff*,

SERGEI LEMBERG, ESQ.,

> > > *Appellant*,

> > v.                                                                   No. 20-1516

SIMON'S AGENCY, INC.,

*Defendant*.

_____

For Appellant:                                    SERGEI   LEMBERG,   Esq.,   pro   se,
                                                  Lemberg Law, LLC, Wilton, CT.


Appeal from the United States District Court for the Northern District of

New York (Frederick J. Scullin, *Judge*).

**UPON   DUE   CONSIDERATION,   IT   IS   HEREBY   ORDERED,**

**ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Appellant Sergei Lemberg, attorney for plaintiff Gary Palmer in this action

under the Fair Debt Collection Practices Act, appeals from the imposition of a $500

sanction levied for Lemberg's failure to comply with the district court's local rules.

We assume Lemberg's familiarity with the underlying facts, procedural history,

and issues on appeal, to which we refer only as necessary to explain our decision

to affirm.

An order of sanctions must always be made with restraint.   *See In re Peters*,

642 F.3d 381, 384 (2d Cir. 2011).   Nevertheless, "[t]his Court reviews all aspects of

a District Court's decision to impose sanctions for abuse of discretion," *United*

*States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000) (internal quotation marks omitted);

*see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991), which arises only where

the district court imposes sanctions based on "an erroneous view of the law or on

a clearly erroneous assessment of the evidence," or where the award "cannot be

located within the range of permissible decisions," *Wolters Kluwer Fin. Servs., Inc.*

*v. Scivantage*, 564 F.3d 110, 113 (2d Cir. 2009) (internal quotation marks omitted).

That is not this case.

As the district court correctly stated, courts have the "inherent power to

sanction" attorneys given "the practical necessity that courts be able to manage

their own affairs so as to achieve the orderly and expeditious disposition of cases."

App'x at 27 n.5 (quoting *Revson*, 221 F.3d at 78 (internal quotation marks omitted)).

While this inherent power may be exercised when an attorney has engaged in bad

faith conduct on behalf of a client, it may also be exercised "without a finding of

bad faith" where a lawyer negligently or recklessly fails to perform his

responsibility as an officer of the court. *Seltzer*, 227 F.3d at 41. This exception to

the bad faith requirement includes "violations of court orders or other conduct

which interferes with the court's power to manage its calendar." *Id.* at 42. Thus,

3

insofar as Lemberg contends that the district court was required to find bad faith merely because it cited *Revson*, his argument fails because we have made clear that the source of sanctions authority described in *Revson* can also cover certain non-bad-faith conduct.

Here, the record supports a conclusion that Lemberg negligently failed to perform his responsibilities as an officer of the court when, after failing to comply with a local rule for filing a timely response to a motion to dismiss, he again violated the Local Rules despite being duly warned that further rules violations could result in sanctions.

Lemberg maintains that he engaged in no sanctionable conduct because he reasonably read the Local Rules not to require an affidavit with his motion for leave to amend. But Local Rule 7.1(a) – which governs motions generally – states that, "[e]xcept as otherwise provided in this paragraph, all motions and opposition to motions require a memorandum of law, supporting affidavit, and proof of service on all the parties." Local Rule 7.1(a)(2) further specifies that "[a]n affidavit is required for all motions except" for three enumerated motions, none of

which includes motions to amend pleadings pursuant to Federal Rule of Civil Procedure 15(a).

In the face of this clear language, Lemberg argues that Local Rule 7.1(a)(4) – which governs motions to amend pleadings and does not mention affidavits – is more specific and supersedes Local Rule 7.1(a)(2) to provide the exhaustive requirements for a motion for leave to amend. But the plain language of the rules belies Lemberg's interpretation. Local Rule 7.1(a), which, as noted above, sets out the papers required for *all* motions, states that "[a]dditional requirements for specific types of motions . . . are set forth in this Rule." Any attorney should thus understand that Local Rule 7.1(a)(4) is incremental, not superseding. Indeed, nothing about Local Rule 7.1(a)(4) itself indicates that its requirements replace, rather than supplement, the papers that must otherwise accompany motions. Consistent with that approach, courts in the Northern District routinely require litigants seeking to amend pleadings to comply with both Local Rule 7.1(a)(2) and 7.1(a)(4). *See, e.g.*, *Randolph v. Graham*, No. 9-19-cv-1161 (DNH) (TWD), 2020 WL 2393804, at *3 (N.D.N.Y. May 11, 2020) (explaining that motions to amend "must comply with the Local Rules" and "include a notice of motion, supporting

5

affidavit, and a copy of the proposed amended complaint"); *White v. Verizon*, No. 506-CV-0617 (GT) (GHL), 2009 WL 3335897, at *3 (N.D.N.Y. Oct. 15, 2009) ("[T]he motion is procedurally improper in that it fails to include a copy of the proposed [amended pleading], and an affidavit. *See* N.D.N.Y. L.R. 7. 1(a)(2),(4).").

Lemberg argues that he should not be sanctioned for failing to submit an affidavit when none was necessary because courts accept the facts alleged in a complaint as true when evaluating motions for leave to amend. But that argument fails as a matter of logic and practice because facts distinct from those supporting a claim may be relevant to whether amendment should be allowed. *See, e.g., Solomon v. Human Servs. Coal. of Tompkins Cty. Inc.*, No. 5:11-CV-226 (GTS) (ATB), 2012 WL 3996875, at *11 (N.D.N.Y. Sept. 11, 2012) (denying amendment where supporting affidavit offered no explanation for failure to comply with time requirements of local rules).

Nor are we persuaded that Lemberg was denied adequate process in connection with the sanctions order. *See Seltzer*, 227 F.3d at 42 (requiring notice and opportunity to be heard). When granted leave to move for amendment, Lemberg received specific notice that sanctions might issue if he committed

6

further violations of the Federal Rules of Civil Procedure or the Local Rules. In addition, Lemberg had an opportunity to be heard through his motion for reconsideration, which the district court granted. *See Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013). While Lemberg suggests that he lacked notice that the court was basing sanctions on his negligence rather than bad faith, a district court is required to provide notice of the *authority* for sanctions, not the applicable legal standard. *See Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).

Finally, on the record before us, we identify no abuse of discretion in the district court's imposition of a relatively modest sanction of $500. *See In re Sanchez*, 941 F.3d 625, 628 (2d Cir. 2019) (explaining that Article III courts' "inherent sanctioning powers" "include the power to impose relatively minor non-compensatory sanctions on attorneys appearing before the court in appropriate circumstances"). Mindful that the question before us is not whether we, "as an original matter, would have applied the same sanction," *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989), but rather, whether it can "be located within the

range of permissible decisions," *Wolters Kluwer*, 564 F.3d at 113, we conclude that the district court's sanction meets this standard here.

We have considered Lemberg's remaining arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Since Lemberg filed his initial notice of appeal, the parties in the underlying action stipulated to dismissal of the case in the district court. *See Lemberg v. Simon's Agency, Inc.*, No. 20-1516, Doc. No. 75. Accordingly, we deny as moot Lemberg's request that this Court reassign the underlying action to a different district judge. *See United States v. Wellington*, 255 F. App'x 605, 607 (2d Cir. 2007).