20-3031-cv (L)
*Colella et al. v. The Republic of Argentina*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty-one.

PRESENT:     GUIDO CALABRESI,
             DENNY CHIN,
             WILLIAM J. NARDINI,
                      *Circuit Judges*.

───────────────────────────────────

MICHELE COLELLA, DENISE DUSSAULT,

     *Plaintiffs-Appellants*,

MARCELO RUBEN RIGUEIRO, SILVIA MABEL SACCONE, ALFREDO ENRIQUE ZUCCHINI, NESTOR DE NICOLA, GRACIELA MARTA BERRETTI, PAULA DE NICOLA, ANDREA DE NICOLA, SANTIAGO ROCCA, ANA MARIA SALDANA, ENRIQUE JORGE ROCCA, ANGELO COTTONI, BRUNO MATTIOLI, INES ROTA, ALESSANDRA REGOLI, SILVIA REGOLI, MATTEO ZANICHELLI, GIOVANNI ZANCHELLI, VITO ZANCANER, JOSEF SCHWALD, SUSAN LEONOR GATTI, MARTA BEATRIZ GATTI, LUIS ANGEL GATTI,

     *Plaintiffs*,

    v.                                                    Nos. 20-3031-cv,

THE REPUBLIC OF ARGENTINA,

     *Defendant-Appellee\**

---

| | |
|---|---|
| For Plaintiffs-Appellants: | ZACHARY GREG MEYER, Sutton Sachs Meyer PLLC, New York, NY |
| | |
| For Defendant-Appellee: | RAHUL MUKHI (Carmine D. Boccuzzi, Jr., Rathna J. Ramamurthi, and Morgan A. Miller *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY |

On appeal from the United States District Court for the Southern District of New York (Loretta A. Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on August 13, 2020, is **AFFIRMED**.

This consolidated appeal stems from two related lawsuits: (1) *Michele Colella and Denise Dussault v. The Republic of Argentina*, 04-cv-2710 (the "*Colella* case"); and (2) *Marcelo Ruben Rigueiro, et al. v. The Republic of Argentina*, 05-cv-3089 (the "*Rigueiro* case"). Plaintiffs-Appellants Michele Colella and Denise Dussault ("Plaintiffs") sought recovery of funds from the Republic of Argentina based on their purported ownership of $3.7 million of defaulted bond ISIN US040114AN02 (the "AN02 Bond") and $850,000 of another issue of bonds in the *Colella* case, and $1.3 million of the AN02 Bond in the *Rigueiro* case. The district court entered judgment in favor of Plaintiffs in each case in 2006 and 2007. Plaintiffs never collected on either judgment, despite entering into a 2016 agreement with the Republic in the *Colella* case for $7,610,658, contingent upon delivery of the *Colella* bonds.

On August 13, 2020, the district court granted the Republic's motion to vacate the judgments in the *Colella* and *Rigueiro* cases. Invoking Federal Rule of Civil Procedure 60(b)(6) and the court's inherent authority, the court held that Plaintiffs had obtained their judgments through fraud upon the court and dismissed both cases with prejudice. Plaintiffs now appeal from that decision. We assume the reader's familiarity with the record.

We review for abuse of discretion a district court's determination that conduct constitutes fraud upon the court, *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 459 (2d Cir.

---

\* The Clerk of the Court is directed to amend the caption as indicated above.

1994), and that a complaint should be dismissed as a sanction, *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). Pursuant to Rule 60(b) and its inherent authority, a court may set aside a judgment for fraud upon the court when such fraud is established by clear and convincing evidence. *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002); *see also* Fed. R. Civ. P. 60(d)(3); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 248–49 (1944). Though dismissal is a "harsh sanction," *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006), it can be appropriate in the right circumstances, and a court has inherent power to sanction parties in order to "manage [the court's] affairs so as to achieve the orderly and expeditious disposition of cases," *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (internal quotation marks omitted).

Here, the district court did not abuse its discretion in concluding, based on clear and convincing evidence, that Plaintiffs' conduct constituted fraud on the court. The district court relied primarily on documentation from two Italian banks, Banca di Credito Cooperativo Terra di Lavoro ("BCC-Lavoro") and UniCredit S.p.A., which showed that the bank records Plaintiffs submitted to the district court in 2019 to substantiate their bond claims in the *Colella* case were inauthentic. The questioned records bore facial indicia of inconsistency with genuine bank records, and Plaintiffs produced no evidence that cast doubt on the court's conclusion. Moreover, the district court reasonably relied on additional facts supporting its finding of fraud: (1) Plaintiffs had submitted another suspect document purporting to come from BCC-Lavoro; (2) the Republic flagged potentially fraudulent conduct during the lawsuits; (3) Plaintiffs gave shifting explanations for failing to deliver the bonds they purported to own in the *Colella* case, as required to collect under their settlement agreement; and (4) a party in a related case—*Antonio Forgione et al. v. The Republic of Argentina*, 06-cv-15171 (the "*Forgione* case")[1]—submitted a doctored version of Plaintiffs' bank statement in the *Rigueiro* case that appeared to constitute an attempt at duplicative recovery on the same bond claim. *See Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118–19 (1st Cir. 1989).

As a remedial matter, the district court did not abuse its discretion in concluding that "vacatur of the judgments and dismissal [with prejudice] of both the *Colella* and *Rigueiro* cases are the only sufficient sanctions the Court can impose" because Plaintiffs' "conduct presents extraordinary circumstances, and failure to grant relief would work an extreme hardship on the Republic." Special App'x at 110–11, 111 n.10 (italics added) (internal quotation marks omitted). The district court reasonably concluded that dismissal of the *Colella* case was warranted because of, among other reasons, Plaintiffs' "intentional bad faith" in repeatedly submitting "falsified evidence" to the court and the resulting prejudice to the Republic. Special App'x at 105–06 (internal quotation marks omitted). As to the *Rigueiro* case, the district court did not abuse its discretion in determining that vacatur and dismissal with prejudice was warranted because Plaintiffs' misconduct in the *Colella* case significantly disrupted the *Rigueiro* case, the fraudulent

---

[1] The district court dismissed the *Forgione* case for failure to prosecute under Fed. R. Civ. P. 41(b). The consolidated appeal now before us does not include the *Forgione* case.

3

*Forgione* documents matched those submitted by the Plaintiffs in the *Rigueiro* case, specific and general deterrence were required to "protect the sanctity of the judicial process," and vacatur and dismissal in the *Colella* case alone was insufficient because it would create a "perverse incentive" to foreclose only Plaintiffs' ability to collect on bonds they do not own. Special App'x at 106–10 (internal quotation marks omitted).

Finally, we reject Plaintiffs' argument that before dismissing with prejudice, the district court was required to make findings beyond a reasonable doubt and provide other criminal procedural protections. Those heightened safeguards apply if a district court imposes punitive monetary sanctions, *see Va. Props., LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 114 (2d Cir. 2017), but not if the sanction is dismissal with prejudice, *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013); *see also Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 292 (2d Cir. 2021). Here, the district court provided Plaintiffs sufficient procedural protections, including notice of the sanctionable conduct, the standard by which it would be judged (*i.e.*, clear and convincing evidence), and an opportunity to be heard, before imposing judgment. *See Mitchell*, 708 F.3d at 467.

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4