21-1424-cv
*Blair v. Moore Med., LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges*.

_____

Schekera Blair,

> *Plaintiff-Appellant*,

v.                                                                                         21-1424-cv

Moore Medical, LLC,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:           JAMES V. SABATINI (Zachary T. Gain, *on the brief*), Sabatini and Associates, LLC, Newington, CT.

FOR DEFENDANT-APPELLEE:           ELIZABETH R. MCKENNA, Littler Mendelson, P.C., New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Schekera Blair brought claims against her former employer, defendant-appellee Moore Medical, LLC ("Moore Medical"), for alleged discrimination based on her medical condition and failure to provide reasonable accommodation under, *inter alia*, the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*. Blair appeals from a judgment of the district court dismissing her claims against Moore Medical, pursuant to Federal Rule of Civil Procedure 41(b), for failure to comply with the district court's discovery orders. Specifically, the record reflects that Blair provided inconsistent and untrue responses in her deposition and written interrogatories regarding her residence, employment, and healthcare, and failed to provide a signed certification page for her written interrogatories. To cure these deficiencies, the district court ordered Blair to resubmit her responses to interrogatories and requests for production, as well as to sit, at her own expense, for another deposition. Following Blair's continuous noncompliance and multiple extensions of time to allow Blair to remedy that noncompliance, the district court dismissed the action without prejudice, affording Blair an opportunity to reopen the case upon a showing of full compliance with the discovery order. After Blair failed to make such a showing, the district court dismissed the case with prejudice.

On appeal, Blair argues that the district court abused its discretion in dismissing her claims without an opportunity for her to be heard, thus denying her due process. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference

2

only as necessary to explain our decision to affirm.

We review a dismissal under Rule 41(b) for abuse of discretion "in light of the record as a whole." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Such dismissals are "the harshest of sanctions" and should "be used only in extreme situations." *Id.* at 217. A district court abuses its discretion when "its decision rests on an error of law . . . or a clearly erroneous factual finding, or . . . cannot be located within the range of permissible decisions." *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) (internal quotation marks omitted).

A district court may dismiss an action under Rule 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *Baptiste*, 768 F.3d at 216. In considering whether such dismissal is appropriate, a district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's [right to due process and] interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (stating that the fourth factor requires a balancing of the court's interest in managing its docket with the plaintiff's "right to due process"). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

We find no abuse of discretion in the district court's determination that the Rule 41(b) factors weighed in favor of dismissal with prejudice. As set forth below, the district court's finding as to each factor was well-supported by the record.

3

With respect to the first factor, the district court found that the duration of Blair's noncompliance with the discovery order weighed "heavily" in favor of dismissal. Joint App'x at 88. Blair failed to comply with the discovery order for at least seven months, even though the district court granted her three extensions, one of which was granted *sua sponte*. Even after Blair failed to meet the final deadline to report compliance, the district court initially dismissed her claims without prejudice, affording Blair the opportunity to reopen the case upon a showing that she had fully complied with the discovery order within forty-five days. Instead of making such a showing, Blair merely represented in a conclusory fashion to the district court that she had "satisfactorily" addressed the issues with her compliance. She offered no specifics to support her conclusory assertion that she had satisfactorily resolved the numerous identified discovery violations, even after Moore Medical filed a detailed list of the discovery violations it contended remained unresolved.

The district court also found that the second factor weighed in favor of dismissal because Blair was given clear notice on three separate occasions that her failure to comply could result in dismissal of her claims. First, on November 24, 2020, following the status conference, the district court's order stated: "Plaintiff is advised that the further failure to comply with her discovery obligations or the failure to comply with this order may constitute a basis for dismissal under Rules 37 and 41." Joint App'x at 89 (quoting November 24, 2020 Minute Order, Dist. Ct. ECF No. 38). Then, on January 14, 2021, in granting Plaintiff's request for an extension of time, the Court stated: "Plaintiff is reminded of her obligation to prosecute her case or risk dismissal." Joint App'x at 89 (quoting January 14, 2021 Minute Order, Dist. Ct. ECF No. 43). Finally, on January 25, 2021, after Blair failed to comply with the district court's deadline, the court stated that such failure "may

4

result in sanctions," including "dismissal," and "[t]his is the third and final warning to the Plaintiff." Joint App'x at 89 (quoting January 25, 2021 Minute Order, Dist. Ct. ECF No. 45).

As to the third factor, the district court concluded that the risk of prejudice to Moore Medical weighed slightly in favor of dismissal because the case was nearly twenty months old and still in the discovery phase due to the delays caused by Blair's noncompliance.

As to the fourth factor, the district court found that the court's interest in managing its docket outweighed Blair's interest in being heard. The district court explained that "[Blair]'s interest in getting a fair chance to be heard is relatively minimal, evidenced by her continual refusal to comply with the basic requirements for discovery despite numerous warnings from the Court," "[h]er dilatory conduct at her deposition[,] and her failure to contact her attorney for approximately a month's time during which she was expected to meet a Court ordered deadline." Joint App'x at 90. Blair admitted that she provided inconsistent and untrue responses in her written interrogatories and deposition, including lying about her relocation to a different state while being on medical leave and receiving disability benefits from Moore Medical. Blair's counsel admitted that he was unsure whether Blair had reviewed her interrogatory responses before submitting them, and Blair admitted that she did not sign a certification page for these responses. Even though the district court issued two separate orders demanding Blair to cure these deficiencies and dismissed Blair's claims without prejudice thus giving her an opportunity to reopen her case, Blair failed to show she complied. Blair also failed to remain in contact with her attorney prior to the compliance deadline, further indicating her unwillingness to prosecute her case. Under these circumstances, we discern no error in the district court's finding that its interest in managing its docket outweighed Blair's interest in being heard.

5

As to the fifth factor, the record supported the district court's finding that no sanction less than dismissal was available. The district court first sanctioned Blair by ordering Moore's counsel to file a motion for attorneys' fees "for all of the time [Blair] wasted" and ordering Blair to sit for "a second deposition at her own expense" to cure the inconsistencies in her testimony. Joint App'x at 39. Blair, however, never complied. Next, the district court dismissed the case without prejudice, affording Blair additional time to comply with the discovery order, but Blair failed to show that she had done so. Accordingly, after unsuccessfully resorting to these lesser sanctions, the district court had "[n]o reasonable sanction . . . left." Joint App'x at 91.

Although the district court carefully weighed all of the applicable factors, Blair nevertheless argues that she was denied due process in connection with the dismissal. We disagree. To be sure, "[w]e have held that due process requires that courts provide notice and an opportunity to be heard before imposing any kind of sanctions." *Martens v. Thomann*, 273 F.3d 159, 175 (2d Cir. 2001) (internal quotation marks and alterations omitted). A dismissal under Rule 41(b) must be preceded by "particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Baptiste*, 768 F.3d at 217 (internal quotation marks omitted). Additionally, "even when a court issues a notice of a possible dismissal and a plaintiff fails to comply with the court's directive, the court must still make a finding of 'willfulness, bad faith, or reasonably serious fault' by evaluating those criteria." *Id*. (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

Here, the procedure utilized by the district court fully comported with due process. As discussed above, Blair was granted an opportunity to be heard on multiple occasions, including

6

during the November 24, 2020 status conference and through multiple post-conference filings. Blair was also told on three separate occasions that her failure to comply with the discovery orders could result in dismissal of her claims. Moreover, when Blair's claims were dismissed without prejudice, she was granted an opportunity to reopen the case if she demonstrated compliance with the district court's discovery order. Nevertheless, even then, Blair simply failed to demonstrate such compliance with her discovery obligations. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (finding no deprivation of plaintiff's due process rights where the district court alerted plaintiff of a possible Rule 41(b) dismissal and granted "[n]umerous requests for adjournments postponing deadlines by which discovery was to be complete").

To the extent that Blair contends that some type of evidentiary hearing was required beyond the multiple warnings provided by the district court, we likewise find that argument unpersuasive. The Supreme Court has emphasized that the lack of an adversarial hearing in these circumstances does not offend due process; rather, "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of [her] own conduct." *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). In the instant case, the district court made abundantly clear what the consequences of Blair's noncompliance would be. Moreover, although Blair suggests that a hearing was necessary to determine whether she had complied with the outstanding discovery, that argument overlooks the fact that the district court gave her multiple chances to demonstrate such compliance in her written submissions, and that Blair never attempted to make any such showing. Instead, Blair simply stated her "belie[f]" that she had complied, without any further explanation. Joint App'x at 54.

7

Finally, the district court found that Blair's noncompliance was willful, which was well supported by the record. Blair admitted that she did not read her discovery responses "and that she signed a blank signature page bearing an affirmation that the documents not yet attached were true and complete under penalty of perjury." Joint App'x at 91. In addition, there is uncontroverted evidence that Blair provided untruthful responses in her deposition and interrogatories regarding her residence and failed to remain in contact with her attorney despite being aware of the amended discovery deadline. Accordingly, the district court concluded that Blair's noncompliance was "quite clearly willful and disrespectful to the judicial process," and that she had "wasted her time, her attorney's time, the Defendant's attorney's time, and the Court's time with her dilatory conduct," despite the district court's efforts to go "above and beyond to provide her with enough additional time to meet her basic discovery obligations." Joint App'x at 91–92.

In sum, we conclude that the district court did not abuse its discretion in dismissing Blair's claims with prejudice for failure to comply with the court's orders, and that she was afforded due process in connection with that dismissal.

\* \* \*

We have considered all of Blair's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8