12-2238-cv
Estate of Mauricio Jaquez v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:   ROBERT D. SACK,
                    REENA RAGGI,
                    CHRISTOPHER F. DRONEY,
                            *Circuit Judges*.
-----------------------------------------------------------------------
THE ESTATE OF MAURICIO JAQUEZ, by the Public Administrator of Bronx County as Administrator of the Goods, Chattels and Credit of the deceased Mauricio Jaquez,

                    *Plaintiff-Appellant*,

                    v.                                                          No. 12-2238-cv


THE CITY OF NEW YORK, JOHN DOES, NYC POLICE OFFICERS,

                    *Defendants-Appellees*.*
-----------------------------------------------------------------------

_____

* The Clerk of Court is directed to amend the official caption as shown above.

1

APPEARING FOR APPELLANT:        ZACHARY MARGULIS-OHNUMA, ESQ.,
                                New York, New York.

APPEARING FOR APPELLEES:        SUSAN PAULSON (Francis F. Caputo, *on the
                                brief*), Assistant Corporation Counsel, *for*
                                Michael A. Cardozo, Corporation Counsel of
                                the City of New York, New York, New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment that became final on September 28, 2012, is REVERSED and the complaint is REINSTATED; the judgment entered on November 28, 2012, is VACATED in part; the appeal from the November 28, 2012 judgment is DISMISSED in part; and the case is REMANDED for further proceedings.

Mauricio Jaquez was shot and killed on April 12, 2009, by New York City Police Officers responding to a 911 call made from his home. His Estate, by the Public Administrator of Bronx County (the "Public Administrator"), sued New York City and unnamed police officers pursuant to 42 U.S.C. § 1983 for violation of Jaquez's constitutional rights, as well as for violations of state law. The Estate of Mauricio Jaquez, along with Jaquez's widow Ana Martinez, now appeals from the dismissal of this action for failure to prosecute, see Fed. R. Civ. P. 41(b); the denial of relief from dismissal, see Fed. R. Civ. P. 60(b)(1); and the denial of leave to amend the original complaint, see Fed.

2

R. Civ. P. 15.[1] We assume the parties' familiarity with the underlying facts and record of the prior proceedings, which we reference only as necessary to explain our decision to reverse.

1.    Dismissal for Failure To Prosecute

While we review a dismissal for failure to prosecute for abuse of discretion, we do so mindful that this "harshest of sanctions . . . must be proceeded by particular procedural prerequisites," including "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard."  Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (collecting cases).  Further, when, as here, the dismissal is with prejudice, it "must be supported by clear evidence of misconduct and a high degree of specificity in the factual findings."  Id. (internal quotation marks omitted).  Finally, because the sanction of dismissal with prejudice "has harsh consequences for clients, who may be blameless," we have instructed that "it should be used only in extreme situations, . . . and even then only upon a finding of willfulness, bad faith, or reasonably serious fault."  Id. (internal quotation marks and citations omitted).  We have similarly indicated that a pro se litigant's claim should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme."  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks omitted).

---

[1]It appears that Ms. Martinez has never been a named party to this action, although the proposed amended complaint would have added her and her children as plaintiffs.

The summary dismissal order in this case does not satisfy these standards. While the district court referenced Ms. Martinez's failure to file an amended complaint and the notice given that such failure would result in dismissal, it did not reference the other factors applicable to identifying fault sufficiently serious to warrant dismissal, much less discuss them with specificity. See Mitchell v. Lyons Prof'l Srvs., Inc., 708 F.3d at 467–68 (reiterating five-factor fault standard based on "(1) duration of noncompliance; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) likely prejudice to defendant from delay resulting from noncompliance; (4) balancing of the court's interest in managing its docket with plaintiff's interest in receiving fair chance to be heard; and (5) whether the district court adequately considered the adequacy of lesser sanctions" (internal quotation marks omitted)). Nor is this defect cured by the district court's subsequent Memorandum and Order denying relief from dismissal. While its discussion of some facts relevant to dismissal is more detailed, its focus was necessarily on whether Ms. Martinez had shown the excusable neglect necessary to secure Rule 60(b) relief, rather than on whether her failure to prosecute the case in light of various court orders was sufficiently extreme to warrant dismissal of the action. Because the record cannot in fact support such a conclusion, we reverse the judgment of dismissal entered on May 1, 2012, which became final on September 28, 2012.

Focusing first on the duration of noncompliance, we note that very little time can be attributed to Ms. Martinez, the person whose failure to amend the complaint by April 12 prompted dismissal. The failure to prosecute this case or to comply with court orders in the 22 months between the filing of the action on April 2, 2010, and January 24, 2012, is attributable to counsel of record for the Estate, who was allowed to withdraw on the latter date and whose client was the Public Administrator of Bronx County, not Ms. Martinez. See Motion To Withdraw ¶ 2, J.A. 31 (describing Public Administrator as "client," and Ana Martinez as "widow of decedent"). The period of delay between counsel's January 24, 2012 withdrawal and March 6, 2012, appears fairly attributable to the Public Administrator, as it was only on the latter date that counsel for the Public Administrator provided the district court with a copy of a letter purportedly sent to Ms. Martinez on January 31, 2012, advising that the Public Administrator would no longer pursue the cause of action. Not insignificantly, the Public Administrator did not seek to withdraw from the court action or to substitute Ms. Martinez's name for its own in the case caption as the party acting for the Estate. Nor do the Public Administrator's communications with either the court or Ms. Martinez indicate that she should now prosecute the case pro se. Rather, the letter from the Public Administrator's counsel advises Ms. Martinez that if she can secure counsel willing to pursue the claim, "we can arrange for the Public Administrator to retain that attorney to pursue the cause of action,"

5

implying that any prosecution of the action would be by the Public Administrator. Counsel for Public Administrator Letter Jan. 31, 2012, J.A. 44. On March 8, 2012, Ms. Martinez sought appointment of counsel from the court. The court had already sua sponte ordered the appointment of pro bono counsel for "plaintiff" on January 24, 2012, when it relieved counsel of record. Apparently, efforts to secure counsel had been unavailing.

There is, in fact, a question as to whether Ms. Martinez could have pursued the Estate's claim pro se given that she was not the Estate's only beneficiary. See Complaint ¶ 39, J.A. 16 (naming eight minor children as well as Ana Martinez as Estate beneficiaries); Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010) (recognizing that administrator or executor of estate may not proceed pro se when estate has beneficiaries or creditors other than litigant). In any event, the record indicates that the first court order expressly to state that plaintiff Estate is "now proceeding pro se via Ms. Anna Martinez" is the April 2, 2012 order directing the filing of an amended complaint by April 12, 2012, under pain of dismissal. See Order at 1, Apr. 2, 2012, J.A. 49. Thus, even assuming arguendo that Ms. Martinez could prosecute the Estate's claim pro se, her failure to meet a ten-day deadline in the first court order that required her compliance by name hardly demonstrates the sort of persistent record of noncompliance constituting the extreme circumstances warranting dismissal of a complaint with prejudice. The first relevant factor thus weighs against dismissal.

6

While the April 2, 2012 order provided notice of dismissal for noncompliance, the district court itself recognized that this is hardly a case in which defendants make out a strong case of prejudice. See Order at 9, Nov. 28, 2012, J.A. 104. Thus, if the second factor counsels in favor of dismissal, the third does not. Nor does the fourth, as the district court never suggested that dismissal of this case was necessary to avoid disruption to the court docket. See Lucas v. Miles, 84 F.3d 532, 535–36 (2d Cir. 1996) (suggesting that prosecution failure must seriously contribute to court congestion to support dismissal with prejudice).

Finally, because dismissal hardly appears to have been the district court's only recourse in these circumstances, the fifth relevant factor does not support dismissal. In neither its dismissal order nor its denial of Rule 60(b) relief did the district court discuss alternative sanctions, an omission that has by itself prompted us to vacate and remand. See, e.g., Mitchell v. Lyons Prof'l Srvs. Inc., 708 F.3d at 468–69. Here, we can ourselves identify various alternative sanctions available to the court. First, because noncompliance here pertained only to amendment of that part of the complaint suing "John Doe" defendants, a failure to amend would, at most, have warranted dismissal of the complaint against individual defendants, not against the City defendant, for whom no amendment was necessary or ordered. See Askins v. Doe No. 1, 727 F.3d.248, 253 (2d Cir. 2013) (explaining that to establish municipal liability, a plaintiff "need not sue the individual

7

tortfeasors at all, but may proceed solely against the municipality"). Even as to the "John Doe" defendants, however, before ordering dismissal, the district court might well have directed Ms. Martinez to appear in person for a status conference (1) to clarify her status in representing the Estate; (2) to the extent she could represent the Estate pro se, to ensure her understanding of her responsibilities in doing so; and (3) to secure on the record her (likely) consent to amendment of the complaint to substitute the identified officers' names for the "John Doe" defendants, whereupon the court itself could have ordered such amendment.

In short, this is not a case in which a recalcitrant party repeatedly ignored court orders to produce documents in discovery or to appear for deposition. See, e.g., Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303 (2d Cir. 2009) (affirming dismissal with prejudice as sanction pursuant to Fed. R. Civ. P. 37 for pro se plaintiff's repeated noncompliance with discovery orders including failure to appear at three depositions). This is a case in which a court order to amend a complaint in a way seemingly in the interest of the Estate was directed to a beneficiary who was never a named party in the action, may or may not have received earlier communications about the case from the parties and the court, and may or may not have the ability to represent the Estate pro se. These circumstances may have called for clarification as to who bore responsibility for representing the Estate, but they do not present the sort of extreme situation of

8

noncompliance warranting dismissal with prejudice. Accordingly, we reverse the order of dismissal and reinstate the complaint. In doing so, we express no view as to the merits.

2.      Denial of Motions for Relief from Dismissal and Leave To Amend

Our reversal of dismissal renders moot the appeal from the denial of Rule 60(b) relief. Accordingly, we dismiss the appeal from that part of the November 28, 2012 judgment.

Insofar as the district court denied the motion to amend as moot, see Order at 9, Nov. 28, 2012, J.A. 104, we vacate that part of the November 28, 2012 judgment in light of our reinstatement of the complaint. We leave it to the district court to decide the motion in the first instance.

In sum, we REVERSE the district court's September 28, 2012 judgment of dismissal and REINSTATE the complaint; DISMISS as moot the appeal from that part of the district court's November 28, 2012 judgment denying Rule 60(b) relief from dismissal; VACATE that part of the November 28, 2012 judgment denying leave to appeal; and REMAND the case for further proceedings consistent with this order.

                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, Clerk of Court

9