07-0089-cv
Ruzsa v. Rubenstein & Sendy Attys at Law

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2007

(Argued: February 29, 2008                    Decided: March 17, 2008)

Docket No. 07-0089-cv

ISTVAN RUZSA,

      *Plaintiff-Appellant*,

      v.

RUBENSTEIN & SENDY ATTYS AT LAW,

      *Defendant-Appellee.*

Before: CABRANES, POOLER, and KATZMANN, *Circuit Judges.*

Plaintiff-appellant Istvan Ruzsa appeals from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*), dismissing his complaint for failure to prosecute. Because we find no error in the District Court's dismissal of Ruzsa's complaint, the judgment is affirmed.

          ISTVAN RUZSA, *pro se,* Orlando, FL.

          John Kardaras, Hartford, CT.

PER CURIAM:

Plaintiff-appellant Istvan Ruzsa commenced this *pro se* action against the law firm of Rubenstein & Sendy on December 12, 2005, seeking relief for alleged wrongdoing—specifically, legal malpractice and theft—arising from a 1995 car accident. Rubenstein & Sendy moved for a more definite statement,

1

and the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*) granted that motion on February 2, 2006, ordering Ruzsa to file an amended complaint by March 31, 2006. Ruzsa did not file an amended complaint by that deadline and, indeed, did nothing further to pursue his claim. The Clerk of Court then entered a Notice to Counsel on October 26, 2006, notifying the litigants that, pursuant to Rule 41(a) of the Local Rules of the District of Connecticut, the action would be dismissed unless a "satisfactory explanation of why it should not be dismissed is submitted to the Court by November 15, 2006." Ruzsa did not respond to this notice, and on December 4, 2006, the Clerk of Court entered a judgment dismissing the complaint. This appeal followed.

We review a district court's dismissal of an action for failure to prosecute for abuse of discretion, which may arise from "an error of law or a clearly erroneous finding of fact." *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation omitted). "[W]e review the trial court's decision by examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.*

Even according Ruzsa the special consideration afforded to *pro se* litigants, we conclude that the District Court did not abuse its discretion by dismissing Ruzsa's complaint. Applying the five factors listed above, we observe that (1) plaintiff caused a "delay of significant duration" in this litigation, as the proceedings ground to a halt for over seven months as a result of his inaction; (2) Ruzsa was notified that "further delay will result in dismissal" by the Notice to Counsel dated October 26, 2006; (3) because the events giving rise to this litigation occurred in 1995—nearly thirteen years ago—further delay in prosecuting this claim "was likely to . . . prejudice[]" Rubenstein & Sendy's ability to defend

2

against this suit, as the salient events receded even farther into the past; (4) by delaying dismissal for twenty days and thereby affording Ruzsa ample time to inform the Court that he stood ready to press his claims, "the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court"; and (5) while it is unclear from the record whether the District Court considered sanctions short of dismissal, in light of Ruzsa's failure to respond to the notice threatening dismissal, it is equally unclear that a "lesser sanction" would have proved effective in this case. Based on our review of these factors, we cannot conclude that the District Court erred when it dismissed Ruzsa's complaint. Ruzsa had ample opportunity to pursue his claim before the District Court, but he chose not to do so.

For these reasons, the decision of the District Court is AFFIRMED.