SUMMARY ORDER
Plaintiffs-appellants Marge, Stephen, and Kalle Snyder (collectively “plaintiffs” or “the Snyders”), proceeding pro se, appeal from six separate decisions and orders of the District Court in their action alleging violations of, inter alia, the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. (“IDEA”). Specifically, plaintiffs appeal from the following orders: (1) the July 2002 order granting in part and denying in part defendants’ motions to dismiss; (2) the August 2004 order granting in part and denying in part defendants’ motions for summary judgment; (3) the September 2004 order denying the Snyders’ motion for revision of the District Court’s July 2002 order; (4) the September 2005 order denying plaintiffs’ motion for reconsideration of the District Court’s August 2004 order; (5) the March 2007 order dismissing the case in its entirety for failure to prosecute and comply with prior orders of the court; and (6) the August 2007 order denying plaintiffs’ motion for reconsideration of the District Court’s March 2007 order.
On appeal, plaintiffs argue as follows: (1) the District Court “abused its discretion” in dismissing their case; (2) the District Court erred in denying their motion for reconsideration; (3) the District Court erred when it dismissed the complaint *603 based on claims not addressed in defendants’ motions; (4) the District Court erred in concluding that the Court lacked personal jurisdiction over the individual school district defendants; (5) the defendants’ evidence contradicted their summary judgment motions; (6) the District Court erred in denying plaintiffs’ July 2002 motion to revise; (7) the District Court erred in dismissing the remaining claims for failure to prosecute.[2] We assume the parties’ familiarity with the facts and procedural history of this case.
We review a district court’s dismissal of a complaint pursuant to Rule 12(b)(6) de novo, “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002); see also ATSI Commc’ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007). We review an order granting summary judgment de novo, “drawing all factual inferences in favor of the non-moving party.” Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 107 (2d Cir.2008). Summary judgment is appropriate only “if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed R. Civ. P. 56(c).
Here, an independent review of the record and relevant case law reveals that the District Court did not err in granting in part the defendants’ motions to dismiss and for summary judgment and denying Snyders’ motions for revision and reconsideration of those orders. Accordingly, we affirm the July 2002, August 2004, September 2004, and September 2005 orders for substantially the same reasons stated by the District Court in its thorough and well-reasoned opinions and orders.
As for the March 2007 order dismissing the complaint with prejudice for failure to prosecute, we conclude that the District Court erred in dismissing the remaining claims against the school district regarding the 1996-1997 school year.[3] Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action when a plaintiff fails to prosecute or to comply with a court order. Fed.R.Civ.P. 41(b). We review a district court’s dismissal of a complaint for failure to prosecute for an “abuse of discretion.” See, e.g., Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir.2008); cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir. *604 2008) (“A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions .... ” (internal alteration, citations, and quotation marks omitted)). We are mindful, however, that dismissal of a complaint under Rule 41(b) is a “harsh remedy” that should “be utilized only in extreme situations,” especially when the plaintiff is a pro se litigant. Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir.1993).
The propriety of a Rule 41(b) dismissal depends on the balancing of the following factors, none of which is dispositive: (1) the duration of the plaintiffs’ failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court’s interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir.2004).
After taking all factors into account, we conclude that the District Court dismissed this complaint prematurely. Most importantly, the first factor counsels against dismissal in this case. Here the District Court dismissed the remaining claims against the school district a mere four days after plaintiffs failed to meet a deadline. This is not significant, especially for a pro se litigant. Although plaintiffs were on notice that further delays could result in a dismissal, there is no evidence that the third, fourth, or fifth factors favor dismissal in this case. Therefore we conclude that dismissal for failure to prosecute was inappropriate.
CONCLUSION
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED in part (with respect to the July 2002, August 2004, September 2004, and September 2005 orders), VACATED in part (with respect to the March 2007 order), and the cause is REMANDED to the District Court for further proceedings. In light of our disposition, we DISMISS as moot the Snyders’ appeal from the District Court’s August 2007 denial of their motion for reconsideration.

. We construe plaintiffs' arguments liberally, in light of our duty to read pro se submissions "to raise the strongest arguments they suggest,” Bertin v. United States, 478 F.3d 489, 491 (2d Cir.2007) (internal quotation marks omitted).

. The claims that remained following the District Court’s August 2004 order — and therefore the claims that will return to the District Court on remand — were as follows: (1) plaintiffs' claims against the school district under the IDEA pertaining to the 1996-1997 school year alleging that the school district failed to promptly schedule an impartial hearing upon plaintiffs' request (Am.CompW 175), failed to hold a Committee on Special Education ("CSE”) meeting in a timely manner (Am. ComplJ 174), and denied plaintiffs access to Kalie’s educational records (Am. ComplA210); (2) plaintiffs' claims against the school district pertaining to the 1996-1997 school year under § 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. § 794) and the Americans with Disabilities Act (codified at 42 U.S.C. § 12101 et seq.) ("ADA”) alleging that the school district failed to promptly schedule an impartial hearing (Am.Compl.H ¶ 203, 208) and denied plaintiffs access to Kalle’s educational records (Am. Compl.H ¶ 205, 208); and (3) plaintiffs' claims against the school district pertaining to the 1996-1997 school year for damages under 42 U.S.C. § 1983 for violations of § 504 of the Rehabilitation Act of 1973 and the ADA (Am. CompU 222).