09-2226-cv
Blazina v. The Port Authority of New York and New Jersey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of January, two thousand ten.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> > *Circuit Judges*,
> RICHARD K. EATON,[*]
> > *Judge*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRUNO BLAZINA,

> *Plaintiff-Appellant*,

> v.                                                                  09-2226-cv

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE OFFICER M. KOSTELNIK, SHIELD NO. 01447, individually and in his official capacity as Police Officer for the Port Authority of New York and New Jersey, PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE OFFICERS JOHN DOE (1-5), individually and in their official capacities as Police Officers for the Port Authority of New York and New Jersey,

> *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

1

**FOR APPELLANT:**                    ARNOLD E. DIJOSEPH, Arnold E. DiJoseph, P.C., New York, NY (Joanne Marie Dwyer, Law Offices of Joanne Marie Dwyer, New York, NY, *of counsel*).

**FOR APPELLEES:**                    KARLA DENALLI, Port Authority of New York and New Jersey, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kevin Nathaniel Fox, *Magistrate Judge*).[2]

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **VACATED** and the cause **REMANDED** to the District Court for trial.

Plaintiff Bruno Blazina appeals from the October 23, 2008 judgment of the District Court and the April 22, 2009 Memorandum and Order of the District Court denying Blazina's motion for relief from judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). On appeal, plaintiff argues that the District Court erred in dismissing plaintiff's complaint for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"). Plaintiff also argues that the District Court erred in denying his motion for relief from judgment pursuant to Rule 60(b). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Rule 41(b) permits a district court to dismiss an action when a plaintiff fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b). We review a district court's dismissal of a complaint for failure to prosecute for an "abuse of discretion." *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." (internal alteration, citations, and quotation marks omitted)). We are mindful, however, that dismissal of a complaint under Rule 41(b) is a "harsh remedy" that should "be utilized only in extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

The propriety of a Rule 41(b) dismissal depends on the balancing of the following factors, none of which is dispositive: (1) the duration of the plaintiffs' failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants were likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be

---

[2] Upon consent of the parties, the District Court referred the case to Magistrate Judge Fox for all purposes, including trial, pursuant to 28 U.S.C. § 636(c).

heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In the present case, the District Court dismissed the complaint because plaintiff's counsel failed to appear on time for the scheduled start of trial. After taking all factors into account, we conclude that the District Court dismissed this complaint prematurely. Most importantly, the first factor counsels against dismissal in this case. Here, the District Court dismissed the complaint after a less-than-one-hour delay. This was not significant. Furthermore, the District Court had not previously put plaintiff's counsel on notice that any delay could result in dismissal. Finally, there is no evidence that the District Court considered the feasibility of other, less dramatic, sanctions. There is no evidence that the third or fourth factors favor dismissal in this case. We therefore conclude that dismissal for failure to prosecute was inappropriate.

Because we conclude that the District Court erred in dismissing Blazina's claims for failure to prosecute, we need not consider whether the District Court erred in denying plaintiff's motion for relief from judgment, pursuant to Rule 60(b).

## CONCLUSION

We have considered all of defendants' argument ins support of the judgment and have found them to be without merit. For the reasons stated above, the judgment of the District Court is **VACATED** and the cause is **REMANDED** to the District Court for trial.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____