09-4171-cv
Brow v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3ʳᵈ day of September, two thousand ten.

PRESENT: JON O. NEWMAN,
REENA RAGGI,
*Circuit Judges*,
JED S. RAKOFF,
*District Judge*.*

--------------------------------------------------------------------------------------

RONALD A. BROW,

*Plaintiff-Appellant*,

MILFORD GANGADEEN, SHARON HALLOWAY,
AKINDRA REAPE,

*Plaintiffs*,

v.                                                                  No. 09-4171-cv

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, DR. THOMAS R. FRIEDEN,

*Defendants-Appellees*,

SARAH BEATRICE, THOMAS J. BREUERS, and

---

* District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

SUOZZI, ENGLISH, & KLEIN, P.C.,

                              *Defendants*.

-------------------------------------------------------------------------------------

FOR APPELLANT:                    Ronald A. Brow, *pro se*, Queens, New York.

APPEARING FOR APPELLEES:          VICTORIA SCALZO, Assistant Corporation
                                  Counsel, *for* Michael A. Cardozo, Corporation
                                  Counsel of the City of New York, New York,
                                  New York.

Appeal from the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of dismissal entered on January 30, 2009, is AFFIRMED.

Pro se plaintiff Ronald Brow appeals from an order dismissing his claims with prejudice for failure to prosecute after he repeatedly failed to appear at his scheduled deposition. See Fed. R. Civ. P. 41(b). We review the district court's decision for abuse of discretion. See, e.g., Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In reviewing a dismissal for failure to prosecute, we focus on whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced

2

against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (internal quotation marks omitted). "No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). While a district court is not required explicitly to discuss each of the factors, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." See Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001) (internal quotation marks omitted).

We agree with the district court's careful application of the relevant factors. Specifically, (1) plaintiff had caused a delay of nearly six months between August 6, 2008, when his deposition was originally noticed, and January 27, 2009, when he failed to appear for the final time, see Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d at 177 (upholding dismissal where party caused seven-month delay); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-68 (2d Cir. 1980) (upholding dismissal where party caused six-month delay); (2) the district court's January 22, 2009 order gave plaintiff notice that failure to attend his deposition would result in dismissal; (3) defendants were likely to be prejudiced by further delay because they would be required to file motions for summary judgment or

pretrial orders in March 2009;[1] and (4) plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective, see Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d at 178 (holding that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice). On this record, we identify no abuse of discretion in the district court's Rule 41 dismissal.

We have considered plaintiff's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the January 30, 2009 order of the district court. Plaintiff's motion to object and appeal the joint appendix scheduling order is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] To the extent such prejudice could be avoided by vacating the motions schedule until plaintiff appeared for deposition, the burden of plaintiff's failure to prosecute would simply shift to the court, which would be unable to manage its docket in a reasonable manner.