11-2400-cv
Parnes v. Lumenis, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand twelve.

PRESENT:  ROBERT D. SACK,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

LEO PARNES, LEO PARNES, D.O., P.C.,
MARC PARNES,

Plaintiffs-Appellants,

          -v.-                                    11-2400-cv

RECEIVABLE MANAGEMENT SERVICES LLC,
TRANS UNION, LLC, EXPERIAN INFORMATION
SOLUTIONS, INC, EQUIFAX INFORMATION
SERVICES, LLC,

Defendants,

LUMENIS, INC.,

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFFS-APPELLANTS:    Osita Emmanuel Okocha, New York, NY.

FOR DEFENDANT-APPELLEE:       Daniel S. Ratner, Heidell, Pittoni, Murphy & Bach LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Leo Parnes, Leo Parnes, D.O., P.C., and Marc Parnes appeal from the district court's judgment entered May 20, 2011, dismissing their claims against defendant-appellee Lumenis, Inc. ("Lumenis"). The district court entered judgment pursuant to its May 19, 2011 order overruling plaintiffs' objections to Magistrate Judge William D. Wall's report and recommendation, which recommended that the complaint be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with discovery and other court orders. We assume the parties' familiarity with the facts, procedural history, and specification of issues for review.

We review an involuntary dismissal under Rule 41(b) for abuse of discretion, Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008), although our review is less deferential than in other contexts because of the severity of this remedy, see Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). The district court's exercise of discretion in this respect must be guided by consideration of five factors:

> whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

-2-

<u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004).  None of these factors is dispositive, so "we must review the dismissal in light of the record as a whole."  <u>Id.</u>

We conclude that the district court did not abuse its discretion in dismissing this case.  The court adequately considered all five of these factors, and we agree that they favored dismissal.

First, the delays were significant.  Lumenis filed its answer to the amended complaint in July 2010 and little had been accomplished by March 31, 2011, when Magistrate Judge Wall recommended dismissal of the case.  <u>See</u> <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 42-43 (2d Cir. 1982) (explaining that dilatory "conduct may warrant dismissal after merely a matter of months").  Plaintiffs failed to comply with their obligation to make complete initial disclosures; they failed to produce evidence regarding their patients' alleged injuries; their counsel claimed relevant information was contained on a floppy disk, but could not open the disk and never disclosed its contents; they failed to complete discovery; and they failed to submit a pretrial order.  Moreover, plaintiffs' counsel failed to appear for a pretrial conference on March 31, 2011, and failed to return telephone calls from the Magistrate Judge's chambers.  <u>See</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 633-35 (1962) (holding that district court had discretion to dismiss for counsel's failure to appear at a pretrial conference when coupled with earlier delays).

Second, plaintiffs were warned that failing to disclose the contents of the floppy disk would result in dismissal.

-3-

Plaintiffs' counsel first claimed that the floppy disk contained additional discoverable material at the pretrial conference on November 17, 2010.  Because counsel still had not provided that material to Lumenis by the conference held on December 3, the district court directed him to disclose it within thirty days and warned him that failure to do so could result in dismissal.  Not only did plaintiffs miss that deadline, they did not engage in any further discovery for nearly four months before the case was finally dismissed.  Although plaintiffs' counsel alleges for the first time on appeal that he delivered hard copies of these documents to Lumenis, he did not provide the district court with copies of those documents or any other proof to support that claim.

Third, Lumenis would have been prejudiced by further delay.  We may assume prejudice where there has been an unreasonable delay, see Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993), but Lumenis also would have suffered actual prejudice.  Lumenis had already expended time and resources defending this action and appearing at scheduled conferences while plaintiffs have failed to carry out their obligations to diligently prosecute this action.  Requiring Lumenis to continue doing so under these circumstances would be prejudicial.

Fourth, the district court properly balanced the effect on court congestion against the plaintiffs' interest in their day in court.  Requiring the court to police disclosure obligations and to reschedule conferences clogs the court's docket and delays the resolution of other cases.  To the extent plaintiffs were prejudiced

by any failings of their attorney, they chose him to represent them and must now suffer the consequences.  See Link, 370 U.S. at 633-34 ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").[1]

Finally, the district court believed, in light of the plaintiffs' disregard for both the court's prior instructions and the Magistrate Judge's attempts to remedy his absence, that lesser sanctions would be inadequate to address plaintiffs' persistent dilatory conduct.

The district court did not abuse its discretion in concluding that on whole the five factors weighed in favor of dismissal.  We have considered plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.  We also grant Lumenis's pending motion and order Plaintiffs to pay the costs for preparation of the supplemental appendix.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[1]     We do not decide whether counsel's derelictions in this case are grounds for a claim for malpractice.

-5-