Roger DAVIS, Plaintiff–Appellant

v.

TOWN OF HEMPSTEAD, et al.,
Defendants–Appellees,

Town of Hempstead Department
of Buildings, et al., Defendants–
Cross–Defendants–Appellees.

No. 14–352.

United States Court of Appeals,
Second Circuit.

March 12, 2015.

Roger Davis, pro se, Woodmere, N.Y., for Plaintiff–Appellant.

Joseph J. Ra, Town Attorney, Susan P., Jacobs, on the brief, Hempstead, N.Y., for Defendants–Appellees.

* Hon. Jed S. Rakoff, of the United States District Court for the Southern District of New

PRESENT: GUIDO CALABRESI, PETER W. HALL, Circuit Judges, JED S. RAKOFF,* District Judge.

### *SUMMARY ORDER*

Appellant Roger Davis, proceeding pro se, appeals from the district court's judgment dismissing his 42 U.S.C.1983 complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). He also purports to appeal the district court's earlier orders referring the defendants' motion to dismiss to a magistrate judge and dismissing his complaint, with leave to amend, for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a threshold matter, we lack jurisdiction to review the district court's orders referring the defendants' motion to a magistrate judge and dismissing Davis's complaint with leave to amend. Federal Rule of Appellate Procedure 3(c)(1)(b) requires that the appealing party "designate the judgment, order, or part thereof being appealed." "This requirement is 'jurisdictional in nature.'" *Swatch Grp. Mgmt. Svcs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir.2014) (quoting *Gonzalez v. Thaler,* —— U.S. ——, 132 S.Ct. 641, 652, 181 L.Ed.2d 619 (2012)). Davis identifies only the district court's order granting dismissal pursuant to Rule 41(b) in his notice of appeal. Davis did not identify the final judgment, which under ordinary circumstances would merge with the prior orders in the case for purposes of appellate review. *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 192 (2d Cir.1999). Even if he had identified the final judgment, however, no merger would occur because this is an

York, sitting by designation.

32

appeal from a dismissal for failure to prosecute. *Id.* Accordingly, we review only the district court's order granting dismissal pursuant to Rule 41(b).

We review a district court's dismissal for failure to prosecute pursuant to Rule 41(b) for abuse of discretion in light of the record as a whole. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir.1998). Although review for abuse of discretion "suggests great deference," we have recognized that a Rule 41(b) dismissal is a "harsh remedy [that] is appropriate only in extreme situations," and that district courts therefore "should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996). In reviewing a Rule 41(b) dismissal, we consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against the plaintiff's right to an opportunity for a day in court; and (5) the court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir.2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir.2004)).

The district court properly found that each of the five factors weighed in favor of dismissal. In particular we agree with the district court that (1) plaintiff's eight month delay was significant, *see Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir.2008) (upholding dismissal where pro se party caused seven-month delay), (2) plaintiff was given three explicit warnings that failure to comply with that court's orders would result in

dismissal, (3) the defendants were likely to be prejudiced by continued delay, (4) the plaintiff's multiple extensions and three fruitless opportunities to amend his complaint provided him a sufficient opportunity to be heard when balanced against the court's need to avoid calendar congestion, and (5) given plaintiff's repeated disregard for the court's instructions, no sanction less severe than dismissal would suffice.

Davis's additional arguments are without merit. To begin, it is well established that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute" and Davis's objections on that ground therefore fail. *See Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001). Furthermore, Davis's attempt to file an untimely objection to the magistrate judge's Report and Recommendation and last-minute request for a third extension of time do not constitute a good faith effort to comply with the district courts orders. Rather, those filings were in express disregard of the district court's orders which informed plaintiff that he was not to file untimely objections to the magistrate's Report and Recommendation and that no further extensions of time would be granted.

Accordingly, we **AFFIRM** the judgment of the district court.