**Kenya PORTORREAL, Plaintiff,**

v.

**The CITY OF NEW YORK, et al., Defendants.**

**No. 11 Civ. 01587(LGS).**

United States District Court, S.D. New York.

Signed March 27, 2015.

Jeffrey L. Goldberg, Linda M. Cronin, Dominick Peter Revellino, Rocco G. Avallone, Shahin Y. Mashhadian, Cronin & Byczek, LLP, Susan Penny Bernstein, Law Office of Jeffrey L. Goldberg, P.C., Lake Success, NY, for Plaintiff.

Keri Reid McNally, Lawrence John Profeta, Jamie Fiedler Friedman, New York City Law Department, Office of the Corporation Counsel, New York, NY, for Defendants.

*ORDER OF DISMISSAL*

LORNA G. SCHOFIELD, District Judge:

In an Amended Complaint (the "Complaint") filed on June 22, 2011, Plaintiff Kenya Portorreal brought suit against the City of New York (the "City"), the New York City Police Department (the "NYPD"), Sergeant Sean Gallagher and Sergeant "Jane" Keeney[1] under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.*, the New York State Human Rights Law (N.Y.SHRL) and the New York City Human Rights Law (N.Y.CHRL) for discrimination on the basis of Plaintiff's military service, gender, race, national origin and ethnicity. On account of her extended deployment for military service, Plaintiff has been granted numerous extensions to prosecute the case on her schedule. However, she has consistently failed to move this case forward. Almost four years later, virtually no progress has been made. Accordingly, and as further explained below, the case is dismissed with prejudice.

After Defendants produced voluminous document discovery pursuant to a case management plan entered on May 11, 2012, their first chance to depose Plaintiff came in January 2013 when Plaintiff had purportedly returned to the United States. Plaintiff's deposition was scheduled for February 15, 2013, one day before her leave expired and she was expected back in Iraq. Discovery was set to close on April 5, 2013, and all parties agreed that the discovery timeline was feasible.

By letter dated February 14, 2013, Plaintiff, on consent, sought to extend the discovery deadline by more than two months and reschedule her deposition to June 15, 2013, by which time she would have "permanently" returned to the United States. Plaintiff explained that the extension was necessary because she had been preoccupied with her late mother's real estate matters and had medical issues that prevented her from testifying at a deposition. She returned to active military deployment in Iraq. The Court granted an extension of the discovery deadline until August 15, 2013, and stated that "absent truly extraordinary circumstances, no extensions will be granted."

By letter dated August 9, 2013, Defendants explained that since June 13, 2013, they had been attempting unsuccessfully to ascertain

[1]. The Complaint incorrectly identifies Sgt. Keeney as "Sgt. Kennedy."

whether Plaintiff had returned from military deployment. Plaintiff's counsel had failed to respond to their numerous requests seeking an update about Plaintiff's status. By letter filed on the same day, Plaintiff's counsel explained that Plaintiff remained deployed overseas and would return to the country at the end of August 2013. The discovery deadline was extended to October 4, 2013. By letter dated October 4, 2013, Plaintiff's counsel explained that Plaintiff remained deployed overseas. By order dated October 10, 2013, the case was stayed, and the parties were directed to file a status letter no later than December 9, 2013.

Plaintiff remained overseas and various extensions were granted until June 12, 2014, when the Court directed the parties to file a case management plan no later than July 3, 2014, and advised that no further extensions would be granted. On July 10, 2014, a case management plan was filed setting a discovery deadline of October 15, 2014 and requiring status letters on August 20, 2014, and September 4, 2014. No status letter was filed on August 20, 2014. When chambers staff called to inquire about the letter on August 21, 2014, Plaintiff's counsel stated that Plaintiff could not be located. By letter dated October 2, 2014, Plaintiff's counsel explained that Plaintiff was still in Iraq. On October 3, 2014, Plaintiff was directed to file a letter no later than October 10, 2014, explaining how she wished to proceed in light of the case management plan in place. No such letter was filed.

By a letter dated October 17, 2014, Plaintiff's counsel informed the Court that Defendants had consented to Plaintiff's "extraordinary request" for a final extension until January 31, 2015 (Plaintiff represented that she would return to the United States by that date), on the condition that the case would be dismissed if Plaintiff did not return by then. On October 20, 2014, the parties were directed to file either a new case management plan or a stipulation of dismissal no later than January 31, 2015 (the "October 20 Order"). Nearly two months later, neither document has been filed.

While the parties' consent provides a sufficient basis to dismiss the case, no stipulation dismissing the case has been filed. Consequently, the appropriateness of the dismissal is also analyzed under the factors identified by the Second Circuit in *Baptiste v. Sommers* because the sanction of dismissal with prejudice for failure to prosecute "should be used only in extreme situations." 768 F.3d 212, 217 (2d Cir.2014).

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir.2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)). Even where a plaintiff fails to comply with a court order that warns of possible dismissal, "the court must still make a finding of willfulness, bad faith, or reasonably serious fault" by evaluating these factors. *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir.2013)).

Although "no single factor is generally dispositive," each of the five factors articulated in *Baptiste* supports dismissal and a finding of serious fault. *Id.* at 216. First, despite numerous extensions, Plaintiff has failed to prosecute this case and take discovery forward. She has repeatedly ignored orders setting deadlines and requiring status letters. Further, Plaintiff's response to the October 20 Order is now almost two months overdue. Second, Plaintiff was explicitly advised that failure to file a case management

plan by January 31, 2015, would mean certain dismissal, and in any case, Plaintiff's counsel consented to such dismissal. Third, Defendants have had the threat of a possible judgment hanging over them for almost four years with no opportunity to defend and seek an end to the litigation. Fourth, Plaintiff has been given multiple opportunities and "ample time to inform the Court that [s]he stood ready to press [her] claims" in an effort to strike a balance between the Court's docket and Plaintiff's right to be heard. *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177–78 (2d Cir.2008). Fifth, sanctions less extreme than dismissal are inappropriate given Plaintiff's continuing failure or inability to comply with the Court's deadlines or inform the Court of her intentions regarding the prosecution of this case.

Because the circumstances of the present case are sufficiently extreme, this case is dismissed with prejudice on consent, and in the alternative, for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

The Clerk of Court is directed to close this case.

SO ORDERED.