# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of May, two thousand and eighteen.

Present:
> **PETER W. HALL,**
> **SUSAN L. CARNEY,**
> *Circuit Judges*,
> **JOHN G. KOELTL,**\*
> *District Judge.*

---

ANTONIO LOPEZ, individually and on behalf of others similarly situated,

> *Plaintiff-Appellant,*

v.                                                                            No. 17-2058-cv

PICHARDO 2230 RESTAURANT CORPORATION, DBA CARIDAD RESTAURANT, LAZARO PICHARDO, AND RUBEN PICHARDO,

> *Defendants-Appellees.*

---

Appearing for *Plaintiff-Appellant*:       SHAWN R. CLARK, Joshua S. Androphy, Michael Faillace & Associates, P.C., New York, N.Y.

Appearing for *Defendant-Appellees*:       JOSEPH A. ALTMAN, P.C., Bronx, N.Y.

---

\* Judge John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Antonio Lopez commenced this action in 2015 against Defendants-Appellees, Pichardo 2230 Restaurant Corporation, DBA Caridad Restaurant, Lazaro Pichardo, and Ruben Pichardo (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"). The district court entered a Case Management Order on April 10, 2015 that required a pretrial order to be filed by July 31, 2015. The pretrial order was never filed, and the docket sheet reflected that there was no activity at all by the parties in the case for two years after the Case Management Order was filed in April 2015, except for a notice of change of address by the plaintiff's counsel. When the district court requested an explanation for the current status of the case, the plaintiff's counsel responded with an unsatisfactory explanation for the delay. The district court responded with an Order to Show Cause why the case should not be dismissed with prejudice for failure to prosecute. When the plaintiff again failed to provide a satisfactory explanation for the delay, the district court dismissed the case with prejudice on June 5, 2017. On appeal, Lopez argues that the district court erred in dismissing his case with prejudice for failure to prosecute under Federal Rule of Civil Procedure Rule 41(b). We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

Dismissal is appropriate "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). In light of the record as a whole, we review for abuse of discretion a district court's Rule 41(b) dismissal for failure to prosecute. *Link v. Wabash Railroad Co.*, 370

2

U.S. 626, 633 (1962); *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The scope of review for an order of dismissal is narrow, "confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (citing *Link*, 370 U.S. at 633) (noting that "the primary rationale" for a Rule 41(b) dismissal is the plaintiff's failure to prosecute his case diligently). A district court abuses its discretion when its decision "rests on an error of law . . . or a clearly erroneous factual finding," or when its ruling "cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168–69 (2d Cir. 2001).

Recognizing that dismissal for lack of prosecution is a "harsh remedy to be utilized only in extreme situations," *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993), this Court has established "guiding rules that limit a trial court's discretion" when determining whether dismissal for failure to prosecute is appropriate. *Drake*, 375 F.3d at 254; *Ruzsa*, 520 F.3d at 177 (listing the following five *Drake* factors for courts to consider: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant was likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and the plaintiff's right to an opportunity to be heard; and (5) the efficacy of lesser sanctions).

The district court noted and applied the *Drake* factors, none of which alone is dispositive of the analysis: (1) Lopez's inaction for two years qualifies as a delay of significant duration; (2) the district court's May 23, 2017 Order to Show Cause satisfies notice to Lopez; (3) in addition to the prejudice Defendants' assert in their brief, prejudice to Defendants "resulting from

3

unreasonable delay may be presumed," *Shannon* v. *Gen. Elec. Co.,* 186 F.3d 186, 195 (2d Cir. 1999) (quoting *Lyell Theatre,* 682 F.2d at 43); (4) Lopez did not establish good cause to excuse his delay when the court was balancing its need to alleviate court calendar congestion against Lopez's right to be heard; and (5) "no sanction short of dismissal" would alleviate court congestion, a determination that indicates the district court considered lesser sanctions and found them to be inadequate. Having reviewed the district court's analysis, we conclude that its dismissal of Lopez's complaint with prejudice did not exceed the bounds of its discretion.

We have considered Lopez's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk