24-460-cv
Crispin v. Roach

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
*Circuit Judges*,
JESSE M. FURMAN,
*District Judge.**

------------------------------------------------------------------

JOSSEAN CRISPIN,

*Plaintiff-Appellant*,

v.                                                            No. 24-460-cv

ROACH, CORRECTIONAL OFFICER, ALL
DEFENDANTS ARE SUED IN BOTH THEIR
INDIVIDUAL AND OFFICIAL CAPACITY,

------------------------------------------------------------------

* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

ERIC, NURSE, ALL DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY, JOHN DOE, CORRECTIONAL OFFICER, ALL DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY, GERALD VALLETTA, DOCTOR, DOCTOR, ALL DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY, AMONDA HANNAH, WARDEN, ALL DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY, WILLIAM MULLIGAN, DISTRICT ADMINISTRATOR, ALL DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY, SYED, CAPTAIN, ALL DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY, CYNTHIA NADEAU, H.S.A.R.C., ALL DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY, SCIASCIA, LIEUTENANT, ALL DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY, JANE DOE, STATE TROOPER, ALL DEFENDANTS ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY,

> *Defendants-Appellees.*

-----------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Jossean Crispin, *pro se*, Cheshire, CT |
| FOR APPELLEES: | Steven M. Barry, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT |

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Kari A. Dooley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and order of the District Court are AFFIRMED.

Plaintiff Jossean Crispin, proceeding *pro se*, appeals from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*) dismissing his 42 U.S.C. § 1983 action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and the District Court's subsequent order denying his motion to re-open the case under Federal Rule of Civil Procedure 60(b).   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review a court's dismissal under Rule 41(b) for an abuse of discretion in light of the record as a whole."   *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).   In reviewing a dismissal for failure to prosecute, we focus on whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to

3

alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (quotation marks omitted). "No one factor is dispositive." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "Although a district court is not required to discuss each of the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (quotation marks omitted).

The District Court did not abuse its discretion in considering the relevant factors and dismissing Crispin's case for failure to prosecute. First, Crispin repeatedly failed to appear at scheduled telephonic conferences over a period of about a year. His failure to appear increased in frequency in the months leading up to the District Court's dismissal. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982) (observing that delays supporting Rule 41(b) dismissals have ranged from a matter of months to a period of years). Second, the District Court twice warned Crispin that failure to appear could result in the dismissal of his action. *See Lewis v. Rawson*, 564 F.3d 569, 582 (2d Cir. 2009).

4

Third, the District Court observed that although the case was ready for trial, the delay caused by Crispin's repeated failures to appear and communicate with the court was highly prejudicial to the defendants. Fourth, before dismissing the case, the District Court repeatedly attempted to accommodate Crispin and reschedule conferences while facing an indefinite inability to move the case forward. Finally, the District Court explained that given Crispin's complete lack of engagement with the court, no lesser sanctions would address its concerns. In concluding that the District Court did not abuse its discretion in dismissing this case, we also recognize that at various times during the litigation before the District Court, Crispin did not have a place to live and that the dismissal of his case for failure to prosecute may thus appear to be an especially harsh remedy under the circumstances.

We also review the District Court's denial of Crispin's Rule 60(b) motion for abuse of discretion. *See Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023). Under Rule 60(b)(1), a court may relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997). Crispin's motion failed to establish that his failure to attend the scheduled

5

telephonic conferences in August, October, and November 2023 constituted excusable neglect within the meaning of Rule 60(b)(1). *See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004) ("[W]here a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect." (quotation marks omitted)). Crispin had previously attended telephonic and in-person conferences, including an in-person settlement conference as recently as October 2023. Crispin arranged the settlement conference by calling the District Court in September 2023 and had no apparent issues traveling to and from the conference. He also updated his address by mail promptly in response to a court order in September 2023. On these facts, we cannot say the District Court abused its discretion in denying the Rule 60(b) motion.

We have considered Crispin's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment and order of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6