24-1695-cv
Pal v. Cipolla

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-six.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

NEELU PAL,

*Plaintiff-Appellant*,

v.                                                              No. 24-1695-cv

ROBERT CIPOLLA, ROBERT SMALDONE, MICHAEL TYLER, DANIEL MONAHAN, RICHARD JANES, TOWN OF WILTON,

*Defendants-Appellees*,

SCOTT SEAR, DOE, A-X,

     *Defendants.**

------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | NEELU PAL, *pro se*, Westport, CT |
| FOR DEFENDANTS-APPELLEES ROBERT CIPOLLA, ROBERT SMALDONE, AND MICHAEL TYLER: | ANDREW J. GLASS (James N. Tallberg, *on the brief*), Karsten & Tallberg, LLC, Rocky Hill, CT |
| FOR DEFENDANTS-APPELLEES DANIEL MONAHAN AND RICHARD JANES: | PATRICK M. MULLINS, Cotter, Cotter & Mullins, LLC, Trumbull, CT |

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and order of the District Court are AFFIRMED.

Plaintiff Neelu Pal, representing herself, appeals from the May 24, 2024 judgment of the United States District Court for the District of Connecticut (Shea, *J.*) dismissing her 42 U.S.C. § 1983 action for failure to prosecute under

---

* The Clerk of Court is directed to amend the caption as set forth above.

Federal Rule of Civil Procedure 41(b), and the District Court's June 3, 2024 order denying her motion for reconsideration. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's dismissal for failure to prosecute "for an abuse of discretion." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Understanding that these dismissals are "the harshest of sanctions," *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013), "we review the trial court's decision by examining" the following five factors:

> Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Att'ys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (cleaned up). None of these five factors "is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). With the five factors in mind

3

and considering the record as a whole, we conclude that the District Court did not abuse its discretion in dismissing Pal's case.

First, the District Court attempted to start trial on three separate occasions over the course of a year and a half. Each time, Pal prompted a delay in the trial. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982) (explaining that a "pattern of dilatory tactics" may warrant dismissal under Rule 41(b)). Although Pal offered various excuses for all three trial delays (including that she had been involved in a serious car accident that prevented her from appearing on the second and third days of one of the trials), she failed to respond to the District Court's orders instructing her to produce evidence verifying those excuses. Considering the record as a whole, we see no basis to second-guess the District Court's finding that Pal's excuses were not credible and that the gaps in her explanations combined with her history of filing frivolous motions suggest that "she [was] attempting to prevent the jury trial of this case." Spec. App'x 117–18.[1]

---

[1] Pal appended new documents regarding her most recent absences to her motion for reconsideration. The District Court decided that these materials were untimely and that they in any event failed to show that Pal was too ill to comply with the court's orders to appear and to submit evidence of her car crash. The District Court acted within its discretion to "demand clear proof" of her accident and medical condition in light of

4

Second, the District Court gave Pal ample notice that her failure to comply with its orders would result in sanctions, including possible dismissal of her case. *See Lewis v. Rawson*, 564 F.3d 569, 582 (2d Cir. 2009). Pal nevertheless failed to appear in court and to provide evidence in support of her absences.

Third, the District Court was entitled to presume prejudice to the Defendants in this case as a result of Pal's delaying tactics. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999).

Fourth, the District Court fairly balanced its interest in managing its docket and avoiding further meritless motions for sanctions and disqualification on the one hand with Pal's interest in receiving a fair chance to be heard and to have her claims tried on the other hand. *See Baptiste*, 768 F.3d at 219 (explaining that there must be some "unusual" strain on court recourses in order for this factor to weigh in favor of dismissal).

Fifth, the District Court considered and in fact previously imposed less drastic sanctions on Pal but ultimately determined that these lesser sanctions had

Pal's history of violating court orders, leveling unsupported allegations, and delaying trial. Spec. App'x 128.

not and would not adequately deter Pal "from future violations." Spec. App'x 121–22; *see S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013).[2]

For the foregoing reasons, the judgment and order of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Pal challenges several interlocutory orders of the District Court, including an order granting the Defendants' motion to dismiss a claim of *Monell* liability against the Town of Wilton. We lack appellate jurisdiction to review these orders. Interlocutory orders ordinarily "merge with the judgment for purposes of appellate review." *Shannon*, 186 F.3d at 192. When a case is dismissed under Rule 41(b), however, with limited exceptions not applicable here, interlocutory orders do not merge into the judgment and this Court reviews only the Rule 41(b) dismissal. *Id.* at 192–93; *see also Baptiste*, 768 F.3d at 219 n.2.